11-276-pr
Mills v. Fischer

**UNITED STATES COURT OF APPEALS**

**FOR THE SECOND CIRCUIT**

August Term, 2010

(Submitted: June 15, 2011    Decided: July 14, 2011)

Docket No. 11-276-pr

- - - - - - - - - - - - - - - - - - - - - -x

RICHARD MILLS and ELMER F. MILLS, JR.,

Plaintiffs-Appellants,

KODEY MILLS,

Plaintiff,

- v.-

BRIAN FISCHER, JOHN B. LEMPKE, FEDORA, Correction Officer,

Defendants-Appellees,

JANE DOE, Correction Officer,

Defendant.

- - - - - - - - - - - - - - - - - - - - - -x

Before:     JACOBS, Chief Judge, WINTER and
            McLAUGHLIN, Circuit Judges.

Plaintiff-Appellant Richard Mills, pro se and incarcerated, moves for leave to proceed in forma pauperis and for appointment of counsel in this appeal from an order

of the United States District Court for the Western District of New York (Arcara, J.) that dismissed his 42 U.S.C. § 1983 complaint.  The motions are denied on the ground that Mills has filed three or more frivolous lawsuits.  See 28 U.S.C. § 1915(g).

Richard Mills, pro se, Romulus, NY.

Elmer F. Mills, Jr., pro se, Byron, NY.

Kate H. Nepveu, New York State Office of the Attorney General, Albany, NY, for Defendants-Appellees.

DENNIS JACOBS, Chief Judge:

Plaintiff-Appellant Richard Mills, pro se and incarcerated, moves for leave to proceed in forma pauperis ("IFP") and for appointment of counsel in this appeal from an order of the United States District Court for the Western District of New York (Arcara, J.) that dismissed his 42 U.S.C. § 1983 complaint.

**I**

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who accumulates three "strikes" (dismissed actions that were "frivolous, malicious, or fail[ed] to state a claim") is barred from bringing additional civil actions or

2

appeals in forma pauperis, unless she is "under imminent danger of serious physical injury."  See 28 U.S.C. § 1915(g).  Mills's complaint, which concerns limitations to his visitation rights at the prison, does not allege danger of serious physical injury.

Mills has, at a minimum, five strikes: (1) Mills v. Appellate Div. Fourth Dep't, No. 05-cv-612 (W.D.N.Y. Mar. 7, 2006), a complaint dismissed for failing to state a claim and for seeking monetary relief against a defendant who is immune; (2) the subsequent appeal in Appellate Division that was dismissed as lacking an arguable basis in fact and law,[1] No. 06-1541-pr (2d Cir. Sept. 20, 2006); (3) Mills v. Genesee Cnty., No. 04-cv-989 (W.D.N.Y. Oct. 5, 2005), a complaint dismissed for failing to state a claim and for seeking monetary relief against a defendant who is immune; (4) the subsequent appeal in Genesee County that was dismissed as lacking an arguable basis in fact and law, No. 05-6591-pr (2d Cir. Aug. 29, 2006); (5) Mills v. Noonan, No. 04-cv-142 (W.D.N.Y. May 10, 2004), a complaint that was

---

[1] "[A]n incarcerated plaintiff incurs two strikes when a complaint and a subsequent appeal are independently dismissed for grounds listed in [28 U.S.C.] § 1915(g)." Chavis v. Chappius, 618 F.3d 162, 165 (2d Cir. 2010).

dismissed for failing to state a claim and for seeking monetary relief against a defendant who is immune.

In some instances, Mills's litigation initiations were dismissed on the ground of judicial immunity. See, e.g., Noonan, No. 04-cv-142 (W.D.N.Y. May 10, 2004) at 3 ("[The judge] is entitled to absolute judicial immunity with respect to all of the claims alleged and the complaint must be dismissed against him."). The IFP statute does not explicitly categorize as frivolous a claim dismissed by reason of judicial immunity,[2] but we will: Any claim dismissed on the ground of absolute judicial immunity is "frivolous" for purposes of 28 U.S.C. § 1915(g). Mills's (more than) three strikes therefore disqualify him from IFP status. See id.

## II

Mills's ineligibility for IFP status precludes him from receiving appointed counsel.[3] All the relevant IFP

---

[2] The criteria for accumulating strikes under § 1915(g) track two of the three grounds upon which "the court shall dismiss [a] case" if they exist, § 1915(e)(2)(B)(i)-(ii), but do not include the third ground of "seek[ing] monetary relief against a defendant who is immune from such relief," § 1915(e)(2)(B)(iii).

[3] A district court is empowered only to "request" an attorney to represent an IFP plaintiff, § 1915(e)(1), but

4

provisions, including those concerning "three strikes" and appointment of counsel, are in Section 1915 of Title 28 of the U.S. Code. See 28 U.S.C. § 1915(e)(1), (g). The "three strikes" provision effects disqualification from "bring[ing] a civil action or appeal[ing] a judgment in a civil action or proceeding under this section." Id. § 1915(g) (emphasis added). It follows that a litigant barred from proceeding under § 1915 is likewise ineligible for the benefits provided therein, such as appointment of counsel. Accord Brightwell v. Lehman, 637 F.3d 187, 192 (3d Cir. 2011). To hold otherwise would violate the PLRA's "principal purpose" of "deterring frivolous prisoner lawsuits and appeals." Nicholas v. Tucker, 114 F.3d 17, 19 (2d Cir. 1997).

   For the foregoing reasons, Mills's motion for leave to proceed in forma pauperis and for appointment of counsel is denied. The appeal will be dismissed in 30 days unless Mills pays the applicable filing fees.

---

case law commonly refers to the arrangement as "appointed" counsel.

5