09-4650-pr
Collazo v. Pagano

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

August Term, 2011

(Argued: August 24, 2011

Decided: September 2, 2011
Amended: October 17, 2011 )

Docket No. 09-4650-pr

STEVEN COLLAZO,

*Plaintiff-Appellant*,

v.

JAMES PAGANO, Food Services Manager, Great Meadow Correctional Facility,

*Defendant-Appellee*,

DR. EDMUNDO NUNEZ, Physician, Great Meadow Correctional Facility, and GARY GREENE, Superintendent, Great Meadow Correctional Facility,

*Defendants*.

Before: WINTER, CABRANES, and STRAUB, *Circuit Judges*.

Steven Collazo, an inmate who filed a 42 U.S.C. § 1983 claim against prison officials at Great Meadow Correctional Facility, appeals from two orders entered in the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*). One order revoked Collazo's *in forma pauperis* status pursuant to 28 U.S.C. § 1915(g). The other granted summary judgment to defendant-appellee James Pagano on Collazo's claims of deliberate indifference to medical needs and due process violations. We hold that the District Court's order revoking Collazo's *in forma pauperis* status was correct because, on the basis of *Mills v. Fischer*, 645 F.3d 176 (2d Cir. 2011), any action against a prosecutor for initiating a prosecution or for presenting the prosecution's case and that is dismissed *sua sponte* on the ground of absolute prosecutorial immunity is deemed "frivolous" for purposes of 28 U.S.C. § 1915(g). Collazo's other claims on appeal are without merit. Accordingly, the two orders of the District Court are **AFFIRMED**.

1

CATHERINE G. PATSOS (Arthur S. Linker, Alexis L. Cirel, and Jonathan Rotenberg, *of counsel*, Katten Muchin Rosenman LLP, New York, NY, *for Plaintiff-Appellant.*

KATE H. NEPVEU, Assistant Solicitor General (Eric T. Schneiderman, Attorney General, *on the brief,* and Barbara D. Underwood, Solicitor General, and Michael S. Belohlavek, Senior Counsel, *of counsel*), Office of the Attorney General, State of New York, Albany, NY, *for Defendant-Appellee.*

PER CURIAM:

Plaintiff-appellant Steven Collazo, an inmate at Great Meadow Correctional Facility ("Great Meadow"), filed suit, *pro se*, in the United States District Court for the Northern District of New York (Norman A. Mordue, *Chief Judge*) against three Great Meadow employees. Collazo's suit, brought pursuant to 42 U.S.C. § 1983, alleges that he was improperly denied access to medically-prescribed therapeutic diets, resulting in violations of his Eighth Amendment right to be free from cruel and unusual punishment and his Fourteenth Amendment right to due process.

The litigation did not go well for Collazo. First, his *in forma pauperis* status was revoked after the District Court concluded that he was a "three-strikes" litigant within the meaning of § 1915(g) of the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(g). Collazo paid the filing fee so that he could proceed with his case. Subsequently, the District Court, relying on a Report & Recommendation prepared by Magistrate Judge David R. Homer, granted defendants' motion for summary judgment and dismissed the suit. Collazo, now represented by counsel, appeals the revocation of his *in forma pauperis* status, as well as the decision of the District Court to grant summary judgment to one of the defendants, James Pagano.

## BACKGROUND

On January 22, 2003, Collazo, then incarcerated at Great Meadow Correctional Facility, was examined by Dr. Edmundo Nunez, a facility physician. Following some tests, Dr. Nunez concluded

that Collazo's triglyceride levels would benefit from a therapeutic diet low in saturated fats. Collazo remained on this diet for several months, but it was jeopardized on September 15, 2003, when a corrections officer issued a misbehavior report to Collazo for allegedly throwing away his food after having an argument with a kitchen server. Collazo was charged with violating three prison disciplinary rules: refusing direct orders by not complying with his medical diet, wasting food by throwing away his special dietary meal, and failing to comply with mess hall serving policies.

Defendant James Pagano, the Director of Food Services at Great Meadow Correctional Facility, was informed of this incident by the corrections officer and a cook, both of whom said that this was the fourth time Collazo had thrown away his food. Accordingly, Pagano recommended to Dr. Albert Paolano, Director of Health Services at Great Meadow, that Collazo's special diet be discontinued. Dr. Paolano approved the request, and Collazo was notified on September 17 that his diet would be discontinued as of September 19.

At a disciplinary hearing on September 18, 2003, Collazo was found guilty of refusing a direct order, but was found not guilty of wasting food and of failing to comply with mess hall policy. On September 26, Collazo filed a grievance in order to have his special diet restored. On October 10, Collazo's request was granted, conditioned on his first visiting with Dr. Nunez.

Over the next few months, Collazo was a "no show" for several scheduled visits with Dr. Nunez. Collazo finally appeared for his scheduled appointment in April 2004. By July, Dr. Nunez had diagnosed Collazo with diabetes, and at that point recommended that he be placed on a new specialized diet. Subsequently, Pagano conducted a review in which it was discovered that Collazo had missed eighteen of his special meals during the week of July 19, 2004. On this basis, Pagano once again recommended to Dr. Paolano that Collazo's special diet be revoked, a recommendation Dr. Paolano once again accepted.

3

Upon further investigation, it came to light that Collazo had missed all of these meals because no one had informed him that he was once again eligible for a special dietary offering. Collazo was found not guilty at the resulting disciplinary hearing, and his special diet was restored on September 21, 2004. He appears to have remained on the diet since.

Collazo commenced the instant action on July 31, 2006. Pursuant to 42 U.S.C. § 1983, Collazo brought suit against Pagano, Dr. Nunez, and Gary Greene (Superintendent of Great Meadow), claiming that they improperly denied him his medically-prescribed therapeutic diets, thereby violating his due process rights under the Fourteenth Amendment, as well as his Eighth Amendment right to be free from cruel and unusual punishment.

**DISCUSSION**

We turn first to the issue of whether the District Court correctly revoked Collazo's *in forma pauperis* status on account of his having accrued at least three "strikes" pursuant to § 1915(g). "The district court's decision that a certain type of dismissal constitutes a 'strike' for purposes of § 1915(g) is an 'interpretation of a federal statute . . . which [this Court] review[s] *de novo*.'" *Tafari v. Hues*, 473 F.3d 440, 442 (2d Cir. 2007) (quoting *United States. v. Edwards*, 960 F.2d 278, 281 (2d Cir. 1992)) (alterations in original). Collazo does not challenge two of the strikes found by the District Court, but, in relevant part, he argues that the District Court improperly counted one suit that he had filed that was ultimately dismissed by the United States District Court for the Eastern District of New York on the grounds of absolute prosecutorial immunity. Collazo contends that dismissal on the grounds of absolute immunity does not fit within the definition of a "strike" set forth in § 1915, and thus cannot be counted against him.[1] However, as we have only recently stated: "[§ 1915] does not explicitly categorize as frivolous a

---

[1] Section 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this

4

claim dismissed by reason of judicial immunity, but we will: Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g)." *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011). We think the same can be said of any claim against a prosecutor for "initiating a prosecution [or for] presenting the State's case," *Burns v. Reed*, 500 U.S. 478, 486 (1991) (quotation mark omitted), that is dismissed *sua sponte* on the ground of absolute prosecutorial immunity.[2] Additionally, we agree with the District Court that Collazo's complaint failed to establish that he was "under imminent danger of serious physical injury." § 1915(g). Indeed, by the time the suit was filed, Collazo had already been restored to a satisfactory diet.[3]

Next we turn to Collazo's argument that the District Court improperly granted Pagano's motion for summary judgment on Collazo's § 1983 claims of deliberate indifference to his serious medical needs and denial of due process. We review *de novo* a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party. *See, e.g.*, *Paneccasio v. Unisource Worldwide,*

---

section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

[2] We recognize that, unlike absolute judicial immunity, absolute prosecutorial immunity can be difficult to adjudicate. *Compare, e.g.*, *Doe v. Phillips*, 81 F.3d 1204, 1210-11 (2d Cir. 1996) (prosecutor not entitled to absolute immunity where he had no colorable authority to require defendant to swear religious oath of innocence) *with id.* at 1212 (Jacobs, J., dissenting in part) (prosecutor entitled to absolute immunity because dismissal of charges was within "role and jurisdiction" of the prosecutor). We also recognize that a *pro se* plaintiff is unlikely to be able to distinguish between a meritorious and a frivolous case in many instances. We therefore limit our holding to dismissals for that readily distinguishable heartland of immune prosecutorial conduct that was spelled out by the Supreme Court twenty years ago in *Burns*—conduct that is "intimately associated with the judicial phase of the criminal process." *Burns*, 500 U.S. at 486. Accordingly, our holding does not extend to cases in which the claimed injury arises out of investigatory or other non-immune conduct by a prosecutor, *see Buckley v. Fitzsimmons*, 509 U.S. 259, 272 (1993) ("A prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."). Neither does it extend to cases in which the complaint is not dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(g).

[3] We also find no error in the District Court's "order" that Collazo be "barred from filing any *in forma pauperis* complaints in the Northern District of New York unless he is under imminent danger of physical injury," since this merely restates the limitation placed upon Collazo by the PLRA in light of his three strikes.

5

*Inc.*, 532 F.3d 101, 107 (2d Cir. 2008). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Doninger v. Niehoff*, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Deliberate indifference has two necessary components, one objective and the other subjective. *See Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996). Subjectively, the official must have acted with the requisite state of mind, the "equivalent of criminal recklessness." *Id.* There is nothing in the record that indicates that Pagano had this necessary intent either time he asked for Collazo's special dietary status to be revoked. The first time Pagano asked that Collazo's special diet be revoked, he was acting on the basis of information, provided to him by prison officials, that Collazo had been violating mess hall rules. The second time, Pagano acted after his own investigation revealed that Collazo had been routinely skipping his specialized meals. Collazo does not contest the fact that he had indeed missed these meals; once Pagano became aware that Collazo's "violations" were the result of an innocent misunderstanding, the special diet was restored.

Finally, Pagano was entitled to qualified immunity on Collazo's due process challenge. Even assuming for the argument that Collazo had a protected property interest in receiving a special diet—a matter upon which we intimate no view—Collazo fails to draw to our attention any case of our Court or of the Supreme Court establishing such a right. Accordingly, we conclude that Collazo's purported right to due process in this context was not so clearly established that a reasonable person would have known of it. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).

## CONCLUSION

To summarize:

(1) We hold, based on our recent opinion in *Mills*, that any action against a prosecutor for initiating a prosecution or for presenting the prosecution's case that is dismissed *sua sponte* on the ground of absolute prosecutorial immunity is deemed "frivolous" for purposes of 28 U.S.C.§ 1915(g).[4]

(2) The remainder of Collazo's arguments on appeal are without merit.

Accordingly, the orders of the District Court revoking Collazo's *in forma pauperis* status and granting Pagano summary judgment are hereby **AFFIRMED**.

---

[4] In light of this holding, we have no need to consider the question of whether our summary affirmance of a district court's dismissal of a complaint for failure to state a claim counts as a separate "strike" under § 1915.