*551 CALABRESI, Circuit Judge,
concurring:
I agree completely with the majority opinion and join it fully. I write separately because our Court has recently decided Collazo v. Pagano, 656 F.3d 131 (2d Cir.2011) (another opinion with which I agree completely), whose relation to this case is, I think, worth underscoring.
In Collazo, we held that claims dismissed on the ground of absolute prosecutorial immunity are considered “frivolous” for purposes of 28 U.S.C. § 1915(g), the “three-strikes” provision.[1] Id. at 134. We expressly limited our holding to cases in the “readily distinguishable heartland of immune prosecutorial conduct that [is] ... ‘intimately associated with the judicial phase of the criminal process.’ ” Id. n. 2 (citing Burns v. Reed, 500 U.S. 478, 486, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991)). We also excluded “cases in which the complaint is not dismissed sua sponte pursuant to 28 U.S.C. § 1915(g).” Id.
I write to clarify the following. A court may dismiss a claim sua sponte on three grounds pursuant to 28 U.S.C. § 1915(e)(2)(B): If the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune.[2] The last of these grounds, immunity, would be a basis for dismissal under § 1915(e)(2) even if the claim in the complaint were a serious one and anything but easy. In other words, if a dismissal occurred pursuant to § 1915(e)(2) on absolute immunity grounds, it could not, without more, be per se frivolous for purposes of the three-strikes determination under § 1915(g). Conversely, § 1915(g) — the basis for dismissal expressly mentioned in Collazo — applies only where the district court finds that a prisoner previously has brought three or more frivolous lawsuits. This means that a dismissal citing § 1915(g) must necessarily entail a finding, whether implicit or explicit, that at least three former claims were frivolous. And a dismissal based on immunity will not be frivolous unless the district court making the § 1915(g) determination deems the former case to fall within the “distinguishable heartland of immune prosecutorial conduct.” Collazo, 656 F.3d at 134 n. 2.
The case before us is a perfect example of a claim of absolute immunity that, though it loses (I of course refer to the portion of our opinion affirming the district court’s dismissal), is anything but frivolous. Plaintiff-Appellant’s claim that absolute immunity does not apply, relies, inter alia, on the Ninth Circuit opinion in Cruz v. Kauai Cnty., 279 F.3d 1064 (9th Cir.2002), and, as our opinion points out, our decision, whether or not in conflict with Cruz, is at least in tension with it. To suggest, as Appellant does, that Cmz should guide us, is not frivolous and is not *552 made frivolous by the fact that we rejected the suggestion.
The difference between a dismissal on absolute immunity grounds pursuant to § 1915(e)(2)(iii), and a dismissal as the Court in Collazo required, pursuant to § 1915(g), is crucial. The first necessarily allows a claimant to assert that the claim was not frivolous in the circumstances of that case, and, hence, does not justify a strike for the purposes of the three-strikes finding. The second, as Collazo held, forecloses that argument.

. Section 1915(g) provides:
In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
28 U.S.C. § 1915(g).

. The criteria for accumulating strikes under § 1915(g) track only two of the three grounds for dismissal under § 1915(e)(2)(B). They do not include immunity. See 28 U.S.C. § 1915(g). Nonetheless, we have held that under certain circumstances, a district court making the "three-strikes” determination under § 1915(g) may deem a prior dismissal on account of immunity as frivolous. Collazo, 656 F.3d at 134, Mills v. Fischer, 645 F.3d 176, 177 (2d Cir.2011).