Dennis v. Hopkins

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 13th day of June, two thousand twelve.

PRESENT: DENNIS JACOBS,
                              <u>Chief Judge</u>,
              DENNY CHIN,
              CHRISTOPHER F. DRONEY,
                              <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

KYLE DENNIS,
              <u>Plaintiff-Appellant</u>,

              -v.-                                    11-1452

WESTCHESTER COUNTY JAIL CORRECTIONAL DEPARTMENT, EMSA CORRECTIONAL CARE, JANE DOE, NURSE, individually and in their official capacities,
              <u>Defendants-Cross Defendants</u>,

C. HOPKINS, CORRECTIONAL OFFICER, individually and in their official capacities, JOHN DOE, OFFICER, individually and in their official capacities,
              <u>Defendants-Cross Defendants-</u>
              <u>Appellees</u>,

1

**STUKES, OFFICER, individually and in their official capacities, JENKINS, CORRECTION OFFICER, individually and in their official capacities,**
<u>**Defendants-Cross Defendants-Cross Claimants-Appellees.**</u>
- - - - - - - - - - - - - - - - - - - - - -X

**FOR APPELLANT:** Andrew Frederick Plasse, Andrew F. Plasse, P.C., New York, N.Y.

**FOR APPELLEES:** Justin R. Adin, Assistant County Attorney, Of Counsel (Robert F. Meehan, Westchester County Attorney, <u>on the brief</u>), White Plains, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Stamp, <u>J.</u>, sitting by designation).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED IN PART** and **VACATED AND REMANDED IN PART**.

Kyle Dennis appeals from a judgment granting summary judgment in favor of defendants Christopher Hopkins, Risha Stukes, and Taimeka Jenkins on Dennis's 42 U.S.C. § 1983 action. The complaint alleges that the defendants failed to protect Dennis from serious harm in violation of the Eighth Amendment. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"We review <u>de novo</u> a district court's grant of summary judgment, drawing all factual inferences in favor of the non-moving party." <u>Collazo v. Pagano</u>, 656 F.3d 131, 134 (2d Cir. 2011) (per curiam). "Summary judgment is proper only when, construing the evidence in the light most favorable to the non-movant, 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" <u>Doninger v. Niehoff</u>, 642 F.3d 334, 344 (2d Cir. 2011) (quoting Fed. R. Civ. P. 56(a)).

Under the Prison Litigation Reform Act ("PLRA"), "'[n]o action shall be brought with respect to prison conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.'" Porter v. Nussle, 534 U.S. 516, 524 (2002) (quoting 42 U.S.C. § 1997e(a)). Exhaustion is not required: "when (1) administrative remedies are not available to the prisoner; (2) defendants have either waived the defense of failure to exhaust or acted in such [a] way as to estop them from raising the defense; or (3) special circumstances, such as a reasonable misunderstanding of the grievance procedures, justify the prisoner's failure to comply with the exhaustion requirement." Ruggiero v. County of Orange, 467 F.3d 170, 175 (2d Cir. 2006); see also Macias v. Zenk, 495 F.3d 37, 43 n.1 (2d Cir. 2007) (leaving open the question of whether Woodford v. Ngo, 548 U.S. 81 (2006), affects the special circumstances exception).

Dennis alleges that he attempted to file a grievance with Officer Stukes and Sergeant Stallone but was advised that the issue was non-grievable, and he was not given a grievance form. The defendants contend that Dennis could have obtained a grievance form from the law library. However, the Westchester Department of Correction "Standard Operating Procedure" and a United States Department of Justice report suggest that, at the time of the events in question, this was not the case. In concluding that Dennis failed to exhaust his administrative remedies, the district court made no finding as to whether Dennis attempted to file a grievance, whether he was rebuffed, or whether the Department of Correction afforded an alternative way to file. We remand in part for the court to make any such necessary findings to determine if the facts give rise to special circumstances that may justify Dennis's failure to comply with the exhaustion requirement of the PLRA. See, e.g., Brownell v. Krom, 446 F.3d 305, 312-13 (2d Cir. 2006).

The district court ruled in the alternative that the defendants were entitled to summary judgment on the merits. "For a claim . . . based on a failure to prevent harm, the inmate must show that he [wa]s incarcerated under conditions posing a substantial risk of serious harm," and that the prison official was deliberately indifferent. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must

both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

As the district court correctly concluded, there is no genuine dispute of fact as to whether Officers Stukes and Jenkins were deliberately indifferent.  Dennis testified that while Stukes and Jenkins were within hearing-distance, one of the soon-to-be assailants said to another (referring to Dennis), "there go that faggot right there.  Open the gate for that dude, open the gate for him."  This statement was insufficient to put Stukes or Jenkins on notice of a substantial risk of serious harm.  See generally Hines v. Lacy, 189 F.3d 460, No. 98-2961, 1999 WL 642915, at *3 (2d Cir. Aug. 20, 1999) (summary order) ("[A] sketchy description of a verbal confrontation[--assailant yelled and swore at inmate--]does not sufficiently allege conditions posing a substantial risk of serious harm." (internal quotation marks omitted)); Desulma v. City of N.Y., No. 98 Civ. 2078(RMB)(RLE), 2001 WL 798002, at *7 (S.D.N.Y. July 6, 2001) ("[T]he inmates told him he was 'going to pay a price' and told him to get away from them because 'he smell[ed].' These verbal statements alone do not indicate a substantial threat of serious harm." (second alteration in original) (citation omitted)).  Dennis testified that neither Jenkins nor Stukes ordered the assailants to stop, but that allegation is rendered immaterial by undisputed testimony.  Jenkins testified that by the time she became aware of the assault, an alarm had been signaled, which indicated that the Emergency Response Team ("ERT") was on its way.  She did not recall if she gave a stop order, but noted her practice of doing so.  Stukes testified that she did not see the incident until the ERT had terminated the assault.  Therefore, any failure by Jenkins or Stukes to give a stop order does not indicate deliberate indifference to Dennis's safety.  Dennis also testified that at some time after the assault, Stukes taunted him.  This too is insufficient to create a material issue as to whether Stukes knew of a substantial risk to Dennis prior to the assault.

The district court erred in granting summary judgment in favor of Officer Hopkins.  One of the assailants testified that he informed Hopkins of the planned assault, that Hopkins replied that "he wouldn't mind, you know, do what you got to do," that Hopkins instructed another officer to open a gate separating Dennis from the assailants, and that, during the assault, Hopkins told the assailants: "you

4

all better hurry up and finish, because the [ERT] is coming." This evidence is sufficient to create a genuine dispute of fact as to whether Hopkins was deliberately indifferent to a substantial risk of serious harm to Dennis. Hopkins is not entitled to qualified immunity: Correction officers have a clearly established "duty . . . to protect prisoners from violence at the hands of other prisoners," <u>Farmer</u>, 511 U.S. at 833 (alteration in original) (internal quotation marks omitted), and we cannot conclude that it was objectively reasonable for Hopkins to believe that his actions (as they are alleged by Dennis) did not violate this duty. <u>See</u> <u>Warren v. Keane</u>, 196 F.3d 330, 332 (2d Cir. 1999) ("Defendants are entitled to qualified immunity if (1) their actions did not violate clearly established law, or (2) it was objectively reasonable for them to believe that their actions did not violate such law.").

Having considered all of Dennis's arguments, we hereby **AFFIRM** the judgement as to Officers Stukes and Jenkins; we **VACATE** the judgment as to Officer Hopkins; and we **REMAND** this case for further proceedings consistent with this order.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

5