# United States Court of Appeals

## For the Eighth Circuit

_____

No. 14-2263

_____

Juan Humberto Castillo-Alvarez

*Plaintiff - Appellant*

v.

Randy W. Krukow, in his capacity as Clay County Sheriff

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: September 5, 2014
Filed: October 10, 2014
[Published]

_____

Before BENTON, SHEPHERD, and KELLY, Circuit Judges.

_____

PER CURIAM.

Minnesota inmate Juan Humberto Castillo-Alvarez sought leave to proceed in forma pauperis (IFP) in his 42 U.S.C. § 1983 action. Upon determining that Castillo-Alvarez had three "strikes" within the meaning of 28 U.S.C. § 1915(g), the district court denied IFP status and dismissed the complaint.

We have reviewed the docket sheets and orders in the cases the district court identified as strikes. See Owens v. Isaac, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (de novo review of district court's application of § 1915(g)). We agree that because two cases were dismissed based on one of the grounds enumerated in section 1915(g), they are strikes: Castillo-Alvarez v. Krukow, No. 11-cv-04067 (N.D. Iowa Dec. 6, 2011), was dismissed for failure to state a claim, and Castillo-Alvarez v. State of Iowa, No. 10-cv-04085 (N.D. Iowa Mar. 31, 2011), was dismissed because all claims asserted either failed to state a claim or were frivolous. See 28 U.S.C. § 1915(g) (defining strike as "an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim").

The third case identified, however, Castillo-Alvarez v. Haley, No. 10-cv-04263, 2011 WL 839391 (D. Minn. Mar. 7, 2011), was dismissed pursuant to 28 U.S.C. § 1915A(b)(2) (court shall dismiss complaint that "seeks monetary relief from a defendant who is immune from such relief"), after the court determined that the only named defendant was entitled to prosecutorial immunity. Dismissals based on immunity are not among the types of dismissals listed as strikes in section 1915(g), and the district court in Haley did not state that the action was frivolous or malicious, or that it failed to state a claim. Thus, the dismissal of this action is not a strike under section 1915(g). See Byrd v. Shannon, 715 F.3d 117, 125-27 (3rd Cir. 2013); Thompson v. Drug Enforcement Admin., 492 F.3d 428, 439-40 (D.C. Cir. 2007). But see Collazo v. Pagano, 656 F.3d 131, 133-34 (2d Cir. 2011) (per curiam).

Because we are aware of no other dismissals of actions brought by Castillo-Alvarez that qualify as strikes, we grant his motion for leave to proceed IFP in this appeal, leaving fee-collection details to the district court, see Henderson v. Norris, 129 F.3d 481, 484-85 (8th Cir. 1997) (per curiam). We vacate the district court's dismissal based on section 1915(g), and we remand for further proceedings.

_____