# United States Court of Appeals

## For the Eighth Circuit

_____

No. 16-2002

_____

Tyrone Ellis

*Plaintiff - Appellant*

v.

Gordon Davis, Nurse, Correct Care Solutions

*Defendant - Appellee*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Pine Bluff

_____

Submitted: May 27, 2016
Filed: June 14, 2016
[Unpublished]

_____

Before LOKEN, MELLOY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Arkansas inmate Tyrone Ellis appeals a district court order denying him leave to proceed in forma pauperis (IFP) in his 42 U.S.C. § 1983 action. Based on a determination that Ellis had three "strikes" within the meaning of 28 U.S.C. § 1915(g), the district court denied IFP status and dismissed the complaint. Our review of the docket sheets and orders in the cases the district court identified as strikes

reveals that two of the dismissals qualified as strikes. See Owens v. Isaac, 487 F.3d 561, 563 (8th Cir. 2007) (per curiam) (de novo review). Specifically, the preservice dismissals in Ellis v. Hobbs, et al., No. 2:14-cv-00065 (E. Dist. Ark. Aug. 28, 2014), and in Ellis v. McDaniel, No. 5:15-cv-00236 (E. Dist. Ark. July 27, 2015), were for failure to state a claim. See 28 U.S.C. § 1915(g) (in no event shall inmate bring civil action or appeal judgment in civil action if he has, on 3 or more prior occasions, while incarcerated or detained, brought action or appeal in federal court that was dismissed on grounds that it is frivolous, malicious, or fails to state claim upon which relief may be granted). However, we find that the other two prior dismissals the district court identified--Ellis v. Chandler, et al., No. 1:10-cv-01080 (W. Dist. Ark. 2011), and Ellis v. Chandler, et al., No. 1:11-cv-01006 (W. Dist. Ark. May 25, 2011)--did not qualify as strikes. While some claims in each case were dismissed as frivolous or for failure to state a claim, claims against certain defendants were dismissed based on immunity, which is not a basis cited in section 1915(g); and the orders did not reflect that the claims against those who were immune from suit were alternatively dismissed because they were frivolous or failed to state a claim. See Castillo-Alvarez v. Krukow, 768 F.3d 1219, 1219-20 (8th Cir. 2014) (per curiam) (dismissals based on immunity are not among types of dismissals listed as strikes under § 1915(g); dismissal was not strike where court determined that only named defendant was entitled to prosecutorial immunity, and did not state that action was frivolous, malicious, or failed to state claim). Further, in applying section 1915(g), courts have focused on the dismissal of the entire complaint or case, not on the dismissal of claims. See Tolbert v. Stevenson, 635 F.3d 646, 649-55 (4th Cir. 2011) (collecting cases for proposition that "action" in § 1915(g) unambiguously means entire case or suit and thus that inmate's entire action or appeal must be dismissed on one or more of enumerated grounds to qualify as strike); see also Orr v. Clements, 688 F.3d 463, 466 (8th Cir. 2012) (citing Tolbert for proposition that "action" under § 1915(g) means "entire 'case' or 'suit'"). Accordingly, because Ellis had only two strikes

-2-

when he filed the instant suit and appeal, we grant him leave to proceed in forma pauperis on appeal, we vacate the section 1915(g) dismissal, and we remand for further proceedings.

_____