*Pillco v. Sessions*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand seventeen.

PRESENT:    REENA RAGGI,
            PETER W. HALL,
            DENNY CHIN,
                    *Circuit Judges*.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

GUILLERMO TEODORO PILLCO, AKA Guillermo
Teodoro Pillco Arias,
                    *Petitioner*,

            v.                                          16-4284

JEFFERSON B. SESSIONS III, United States
Attorney General,
                    *Respondent*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PETITIONER:                    Guillermo Teodoro Pillco, *pro se*, Kearny, New
                                   Jersey.

FOR RESPONDENT: Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Regan Hildebrand, Senior Litigation Counsel, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

**UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED,**

**ADJUDGED, AND DECREED** that petitioner's motions to proceed *in forma pauperis* ("IFP"), for appointment of counsel, and for a stay of removal proceedings are **DENIED.**

Petitioner Guillermo Teodoro Pillco, a native and citizen of Ecuador, seeks IFP status, appointment of counsel, and a stay of removal in connection with his petition for review of a decision of the Board of Immigration Appeals ("BIA") denying his motion to reopen. *See In re Guillermo Teodoro Pillco*, No. A094 880 165 (B.I.A. Dec. 14, 2016). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Pillco entered the United States without authorization in 2002 and was placed in removal proceedings in 2007. He applied for asylum and related relief based on his fear of the Ecuadorian thieves who had stolen cattle from his family's farm, assaulted his grandmother, and threatened to kill him if he returned to Ecuador. In 2011, the immigration judge ("IJ") denied his applications and ordered him removed to Ecuador after concluding that he had established neither a nexus to a protected ground nor a likelihood of torture by or with the consent or acquiescence of the Ecuadorian government. The BIA affirmed the IJ's decision in 2013.

- 2 -

In 2016, Pillco moved to reopen the BIA proceedings based on a new set of threats from Enrique Saltos, a man who allegedly attributes his criminal conviction to Pillco's purported cooperation with U.S. law enforcement. Pillco claims that Saltos attacked his family members in Ecuador and threatened to kill them if he did not return to Ecuador and pay Saltos for the losses that Saltos suffered while in prison. On December 14, 2016, the BIA denied Pillco's motion as untimely filed, concluding that Pillco had not identified materially changed circumstances to excuse the untimeliness, and held further that his arguments lacked merit because there was no nexus to a protected ground and no likelihood of torture by or with the consent or acquiescence of the Ecuadorian government. Pillco petitioned, *pro se*, for review of the BIA's denial and now moves for IFP status, appointment of counsel, and a stay of removal.

**A.    IFP Status**

Under 28 U.S.C. § 1915, a court may allow a petition to proceed without prepayment of fees by an indigent litigant who submits an affidavit of his financial assets and inability to pay the fees. 28 U.S.C. § 1915(a)(1). The court, however, "shall dismiss the case at any time if the court determines that . . . the action or appeal is frivolous." 28 U.S.C. § 1915(e)(2)(B)(i). An action is frivolous in this context if it has no arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

We review the BIA's denial of a motion to reopen for abuse of discretion and are mindful that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517

(2d Cir. 2006) (per curiam) (quoting *I.N.S. v. Doherty*, 502 U.S. 314, 323 (1992)). The BIA "ordinarily will not grant such a motion unless the movant has met the 'heavy burden' of demonstrating a likelihood that the new evidence presented would alter the result in the case." *Li Yong Cao v. U.S. Dep't of Justice*, 421 F.3d 149, 156 (2d Cir. 2005) (quoting *Matter of Coelho*, 20 I. & N. Dec. 464, 473 (B.I.A. 1992)). The BIA abuses its discretion if its "decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements." *Kaur v. Bd. of Immigration Appeals*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam) (quoting *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 93 (2d Cir. 2001)).

We conclude that the BIA did not abuse its discretion in denying Pillco's motion to reopen. First, we agree with the BIA that Pillco's motion to reopen is untimely because (1) he filed it more than 90 days after the BIA's final decision in 2013 and (2) he has not identified any materially changed conditions in Ecuador that would qualify him for an exception to the 90-day deadline. *See* 8 U.S.C. §§ 1229a(c)(7)(C)(i)-(ii). His reliance on a 2015 report by the U.S. Department of State on human rights violations in Ecuador is misplaced because the report, which describes the difficulties generally facing Ecuadorian law enforcement with respect to human rights violations, is not relevant or material to the purported changes in conditions in Pillco's personal life.

Second, even if Pillco's motion were timely filed, there is no basis for Pillco's claims for asylum and withholding of removal because his recent allegations are

based on Saltos's private attempts to collect a debt. A fear for safety based on private attempts -- by Saltos -- to collect a debt is not fear for safety based on persecution on a protected ground, and therefore it is not a basis for asylum. *See* 8 U.S.C. § 1101(a)(42) (identifying race, religion, nationality, membership in a particular social group, and political opinion as protected grounds); *Saleh v. U.S. Dep't of Justice*, 962 F.2d 234, 240 (2d Cir. 1992) (rejecting the financial inability to "pay[] blood money to the victim's family" as the defining characteristic of a social group facing persecution on a protected ground (internal quotation marks omitted)); *see also Jan v. Holder*, 576 F.3d 455, 458-59 (7th Cir. 2009) (per curiam) (determining that "indebtedness" was not an immutable characteristic that could define a persecuted social group); *Romilus v. Ashcroft*, 385 F.3d 1, 6 (1st Cir. 2004) ("The INA is not intended to protect aliens from violence based on personal animosity."); *Florez-de Solis v. I.N.S.*, 796 F.2d 330, 335 (9th Cir. 1986) (holding that petitioner, the target of private attempts to collect debt, did not suffer from political persecution). Here, Pillco has no colorable claim for asylum or withholding of removal. *See Ramsameachire v. Ashcroft*, 357 F.3d 169, 178 (2d Cir. 2004) ("[A]n alien who fails to establish his entitlement to asylum necessarily fails to establish his entitlement to withholding of removal.").

Third, there is also no merit to Pillco's claim under the United Nations Convention Against Torture ("CAT") because, as the BIA held, he has not sufficiently asserted the inability or unwillingness of the Ecuadorian government to protect him

- 5 -

from the alleged harm. *See Khouzam v. Ashcroft*, 361 F.3d 161, 170 (2d Cir. 2004) ("The CAT itself requires that torture be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." (internal quotation marks omitted)). Pillco asserts that local law enforcement remained willfully blind to Saltos's threats and assaults and, despite a complaint submitted by Pillco's relatives in 2011, did nothing to investigate or prosecute Saltos. This assertion is, however, contradicted by Pillco's own evidence, which shows that the police began investigating Saltos and collecting evidence shortly after the complaint was filed, and that the prosecutor investigated and assessed the strength of the evidence before closing the case.

Because the BIA properly denied Pillco's motion to reopen, we conclude that Pillco's petition for review of the BIA decision lacks an arguable basis in law or fact and is therefore frivolous. *See Neitzke*, 490 U.S. at 325. Accordingly, his petition is dismissed under § 1915(e)(2)(B)(i), and his motion to proceed IFP is denied as moot. *See Mills v. Fischer*, 645 F.3d 176, 178 (2d Cir. 2011) ("[A] litigant barred from proceeding under § 1915 is likewise ineligible for the benefits provided therein.").

**B.    Remaining Motions**

We need not address the merits of Pillco's remaining motions in light of the dismissal of his petition. His motions for appointment of counsel and a stay of removal are also denied as moot.

Accordingly, Pillco's motions for IFP status, appointment of counsel, and a stay of removal are **DENIED** and his petition is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk