*Kelsey v. Clark*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of February, two thousand twenty-three.

PRESENT:
> AMALYA L. KEARSE,
> RICHARD J. SULLIVAN,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

MICHAEL N. KELSEY,

> *Plaintiff-Appellant,*

v.                                                                          No. 22-22

BERNADETTE T. CLARK, SUPREME COURT JUSTICE,

> *Defendant.**

_____

_____

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

For Plaintiff-Appellant:                    Michael N. Kelsey, pro se, Salt
                                             Point, NY.

For Defendant:                               No appearance.


Appeal from a judgment of the United States District Court for the Northern District of New York (Brenda K. Sannes, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Michael N. Kelsey, a former attorney proceeding pro se, appeals from the district court's dismissal of his complaint, brought pursuant to 42 U.S.C. § 1983, alleging that New York State Supreme Court Justice Bernadette T. Clark deprived him of his constitutional rights. In the complaint, which he filed in forma pauperis and while incarcerated following his conviction for sexual abuse of minors, Kelsey alleged that Justice Clark had violated his constitutional rights to due process and equal protection when she dismissed his underlying state-court defamation action on the ground that "his reputation is so low in the eyes of the public" as to be "incapable of further injury" – i.e., that Kelsey is "libel[-]proof." App'x at 11–12. The district court sua sponte dismissed Kelsey's section-1983

2

action, reasoning that (1) judicial immunity barred Kelsey from seeking retrospective relief against Justice Clark, and (2) to the extent that Kelsey sought prospective relief, his allegations of future injury were insufficiently definite and concrete to establish standing. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

We review de novo the district court's dismissal of a complaint filed in forma pauperis. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). Under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), a district court must dismiss any frivolous complaint brought against a governmental officer by a prisoner seeking to proceed in forma pauperis. *See Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004); *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). A complaint is frivolous "if it has no arguable basis in law or fact, as is the case if it is based on an 'indisputably meritless legal theory.'" *Montero v. Travis*, 171 F.3d 757, 759–60 (2d Cir. 1999) (quoting *Neitzke v. Williams*, 490 U.S. 319, 325, 327 (1989)). Likewise, "[a] complaint will be dismissed as 'frivolous' when 'it is clear that the defendant[] [is] immune from suit.'" *Id.* at 760 (quoting *Neitzke*, 490 U.S. at 327).

Kelsey first argues that the district court erred in considering judicial immunity sua sponte. This argument is squarely foreclosed by our precedents.

3

We have consistently held that "[a]ny claim" subject to dismissal "on the ground of absolute judicial immunity is 'frivolous' for purposes of [section 1915]," *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011), and may be dismissed sua sponte by the court, *see, e.g.*, *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("Because [the defendant, a state-court judge,] was . . . clearly entitled to judicial immunity, the district court did not err in sua sponte dismissing the claims against her as frivolous."); *Montero*, 171 F.3d at 759–61 (affirming sua sponte dismissal of claims as barred by judicial immunity).

Next, Kelsey argues that the relief he seeks is prospective and thus not barred by the doctrine of absolute judicial immunity. But while it is true that the doctrine of judicial immunity has "never" barred plaintiffs from seeking *purely* "prospective [declaratory] relief," *Pulliam v. Allen*, 466 U.S. 522, 536 (1984), *superseded by statute on other grounds*, Federal Courts Improvement Act of 1996, Pub. L. No. 104–317, 110 Stat. 3847, courts have consistently prohibited plaintiffs from seeking declarations that a governmental officer's "*prior* conduct violated federal law," *Green v. Mansour*, 474 U.S. 64, 65, 73 (1985) (emphasis added). That is because declaratory judgments of this sort could be "offered in state-court proceedings as res judicata on the issue of [section-1983] liability," thereby

4

opening the door to retrospective claims for "damages or restitution" that are clearly prohibited. *Id.* at 73. In other words, because "such a declaration" would "'result [in] a partial end[-]run around' the Eleventh Amendment's bar on retrospective awards of monetary relief," *Ward v. Thomas*, 207 F.3d 114, 120 (2d Cir. 2000) (quoting *Green*, 474 U.S. at 73), the Supreme Court has forbidden such relief, *see Green*, 474 U.S. at 65–66. Therefore, Kelsey's claim – seeking a declaration that the libel-proof doctrine is unconstitutional and that Justice Clark violated his constitutional rights by applying it in a *now-concluded* state-court action – is clearly barred under the Supreme Court's decision in *Green* and ours in *Ward*.

Kelsey attempts to resist this conclusion by arguing that his motivation for seeking a declaratory judgment is not to "disrupt the . . . earlier [decision] by the [s]tate [c]ourt," or to pursue "money damages," but to "'permanently retire' the libel[-]proof doctrine" from being "applie[d] to him [or] to others" in "a later case." Kelsey Br. at 11, 14–15 (quoting App'x at 27). This argument fails twice over. To begin with, we are aware of no authority for the proposition that the rule of *Green* and *Ward* is subject to carveouts based on a plaintiff's subjective motivation for seeking a declaratory judgment. And in any event, we agree with the district court that, "[t]o the extent" that Kelsey purports to seek a declaratory judgment

5

for the limited purpose of preventing "the *potential* application of Justice Clark's ruling to himself in other potential cases and the *potential* application of th[at] ruling to other litigants," he cannot "satisfy the case-or-controversy requirement of Article III of the Constitution." App'x at 57 (emphasis in original); *see Warth v. Seldin*, 422 U.S. 490, 499 (1975) ("[A] plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."); *Ashcroft v. Mattis*, 431 U.S. 171, 172 n.2 (1977) ("[S]peculation" regarding future contingencies that "might" occur "is insufficient to establish the existence of a present, live controversy.").

We have considered all of Kelsey's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court