08-6111-cv
Hamilton v. Hamilton-Grinols

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of February, two thousand ten.

PRESENT:
　　　　　JOHN M. WALKER, Jr.,
　　　　　CHESTER J. STRAUB,
　　　　　DEBRA ANN LIVINGSTON,
　　　　　　　　　　*Circuit Judges*.

_____

Kenrick Hamilton,

　　　　　　　　　*Plaintiff-Appellant*,

　　　　v.　　　　　　　　　　　　　　　　　No. 08-6111-cv

Tammy L. Hamilton-Grinols,

　　　　　　　　　*Defendant-Appellee.*

_____

For Appellant:　　　　　　　　　KENRICK HAMILTON, *pro se*,
　　　　　　　　　　　　　　　　Alexandria, VA

For Appellee:　　　　　　　　　NO APPEARANCES

　　　**UPON DUE CONSIDERATION**, it is hereby **ORDERED, ADJUDGED AND**

**DECREED** that the case is DISMISSED for lack of jurisdiction.

Appellant Kenrick Hamilton, *pro se*, appeals the district court's (Telesca, *J.*) *sua sponte* dismissal of his complaint for lack of subject matter jurisdiction. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We dismiss Hamilton's appeal for want of subject matter jurisdiction. "'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont*, 565 F.3d 56, 62 (2d Cir. 2009) (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978)). Hamilton's complaint suggests no basis for federal question jurisdiction, as he is not suing under the Constitution or any federal laws. *See* 28 U.S.C. § 1331. Nor has Hamilton pled any basis for a federal court to exercise diversity jurisdiction in the matter because, although Hamilton and the defendant are alleged to be diverse in citizenship, Hamilton failed to plead any amount in controversy, let alone an amount in excess of $75,000. *See id.* at § 1332(a)(1); *see also Lupo v. Human Affair Int'l, Inc.*, 28 F.3d 269, 273 (2d Cir. 1994) ("[T]he party asserting diversity jurisdiction in federal court has the burden of establishing the existence of the jurisdictional amount in controversy."). In fact, it appears that Hamilton is not seeking to recover any money damages exclusive of costs and fees; rather, the gravamen of his complaint is that he wishes to have the district court remove his name from joint loans with his ex-wife that have gone into default, so as not to jeopardize his employment with the Department of Homeland Security.

Finally, remand to the district court so that the *pro se* plaintiff may amend his pleading is not appropriate in the circumstances of this case. Even to the extent that Hamilton's complaint could be amended to include the requisite amount in controversy and abandon the claims of child

support and visitation rights, under the facts pled, his remaining claim seeking to have this Court remove his name from loans held jointly with his wife would be precluded by the domestic relations doctrine exception to the court's jurisdiction. Under this exception, federal courts are divested of jurisdiction in "cases involving the issuance of a divorce, alimony, or child custody decree," *Ankenbrant v. Richards*, 504 U.S. 689, 704 (1992), and should further abstain from exercising jurisdiction over cases "on the verge" of being matrimonial in nature, *Amer. Airlines v. Block*, 905 F.2d 12, 14 (2d Cir. 1990) (per curiam). Hamilton's request to have a federal court remove his name from jointly-held loans is grounded in his ex-wife's purported violation of a New York state court Order for Temporary Support and a New York state court Final Judgement of Divorce, both of which, in addition to assigning responsibility for outstanding loans and debts, distribute marital property and provide for child custody arrangements and child support. The obligation that Hamilton seeks to enforce is thus "matrimonial in nature" and is best left to the "greater interest and expertise of state courts in this field." *Id; see also McLaughlin v. Cotner*, 193 F.3d 410, 411, 413-14 (6th Cir. 1999) (refusing jurisdiction under the domestic relations exception in case where wife sought to enforce divorce decree requiring husband to sell jointly-owned real estate).

We conclude that this Court lacks subject matter jurisdiction over this case, and it is thus DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk