NOT RECOMMENDED FOR PUBLICATION
File Name: 12a0368n.06

No. 11-1442

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

**Apr 05, 2012**

LEONARD GREEN, Clerk

|  |  |  |
|---|---|---|
| SANDRA CHAMBERS | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| STATE OF MICHIGAN, et.al., | ) | EASTERN DISTRICT OF MICHIGAN |
| | ) | |
| Defendants-Appellees. | ) | |
| | ) | OPINION |

Before: SUHRHEINRICH, STRANCH, and DONALD, Circuit Judges.

**DONALD**, Circuit Judge. Sandra Chambers ("Plaintiff") filed a complaint for declaratory, injunctive, and equitable relief against Nadine Chambers ("Nadine"), Judge Nick Holowka, the State of Michigan, and Lapeer County Circuit Court (collectively, "the Defendants") alleging they violated her constitutional rights. Plaintiff appeals the district court's grant of the Defendants' motion to dismiss or alternatively for summary judgment. Plaintiff argues that the district court erred in (1) determining that it lacked jurisdiction, (2) applying the *Younger* abstention doctrine, and (3) refusing to grant declaratory and injunctive relief. For the following reasons, we affirm.

## Background

In 1993, Judge Holowka entered a judgment finalizing a divorce between Plaintiff's husband, Merle Chambers ("Merle"), and Nadine, his former wife, and awarding Nadine permanent alimony. In March 2008, Merle filed a motion to modify and/or terminate the permanent alimony obligation

based on income reduction from his retirement. In September 2008, Judge Holowka held an evidentiary hearing on Merle's motion and on April 27, 2009 issued a written opinion holding that there had been no change in circumstances to warrant a modification of alimony. Judge Holowka considered all income sources for all parties. In December 2008, between the hearing date and issuance of the court's opinion, Merle transferred promissory notes, issued by his employer, to Plaintiff. Judge Holowka, nonetheless, considered these promissory notes in the income calculation for Merle's motion to modify the alimony he owed Nadine.

On June 24, 2010, Plaintiff filed a Complaint for Declaratory and Injunctive Relief against Defendants setting forth nine counts. Plaintiff challenged the constitutionality of Judge Holowka's decision to consider certain assets and property in his income calculation determination. On July 26, 2010, Defendants filed a motion for summary judgment. Plaintiff appeals from the grant of that motion.

## **Analysis**

Under the domestic relations exception federal courts are precluded from exercising jurisdiction over cases whose substance is generally domestic relations. *Barber v. Barber*, 62 U.S. 582, 584 (1858). The exception, as articulated by the Supreme Court since *Barber,* encompasses only cases involving the issuance of a divorce, an award of alimony, or a child custody decree. *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992). Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court. *Firestone v. Cleveland Trust Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981).

Plaintiff argues that since she is not seeking a divorce, alimony, or child custody decree, the domestic relations exception does not apply. This would be true if Plaintiff's complaint did not revolve around a state court order issuing alimony. Although couched as a constitutional violation that deprives her of her marital and personal property, Plaintiff ultimately wants this Court to enjoin the state court from using property she characterizes as her "federally protected ERISA, marital, and personal property" to determine the amount of alimony owed. Based on the domestic relations exception, this Court lacks jurisdiction.

Since the district court lacked jurisdiction over this matter, we affirm on that ground and need not address the issues of abstention or injunctive and declaratory relief.

Accordingly, we affirm the district court's judgment.