Deem v. DiMella-Deem

# In the
# United States Court of Appeals
# For the Second Circuit

August Term, 2019

Argued: August 26, 2019
Decided: October 30, 2019

Docket No. 18-2266

MICHAEL ANTHONY DEEM,

*Plaintiff-Appellant*,

*v.*

LORNA DIMELLA-DEEM, ROBERT J. FILEWICH, PHD, ANGELINA YOUNG, ROLLIN AURELIEN, ROBIN D. CARTON, ESQ., FAITH G. MILLER, ANGELA DIMELLA, JANE DOE, HON. ARLENE GORDON-OLIVER, F.C.J.,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of New York
No. 18-cv-6186, Román, *Judge*.

Before:     WINTER, POOLER, AND SULLIVAN, *Circuit Judges*.

Plaintiff-Appellant Michael Anthony Deem appeals the district court's *sua sponte* dismissal of his complaint, in which he claimed that Defendants – various individuals involved in his pending divorce and child custody proceedings, including his wife, their marriage counselor, and a family court judge – violated his constitutional rights and New York state law.  We agree with the district court that the family court judge is entitled to judicial immunity, and we further hold that the domestic relations abstention doctrine articulated in *American Airlines, Inc. v. Block*, 905 F.2d 12 (2d Cir. 1990), applies in federal-question cases.  Accordingly, we affirm.

AFFIRMED.

MICHAEL ANTHONY DEEM, pro se, Yonkers, NY (argued).

LORNA DIMELLA-DEEM, pro se, Briarcliff Manor, NY.

BARBARA DECROW GOLDBERG, Martin Clearwater & Bell LLP, New York, NY (argued), *for* Defendant-Appellee Robert J. Filewich, PhD.

JOHN M. NONNA, Westchester County Attorney (Justin R. Adin, Associate County Attorney, *on the brief*), White Plains, NY, *for* Defendant-Appellee Angelina Young.

THOMAS E. HUMBACH, Rockland County Department of Law, New City, NY, *for* Defendant-Appellee Rollin Aurelien.

ERIN A. O'LEARY, Morgan Melhuish Abrutyn, Attorneys at Law, New York, NY, *for* Defendant-Appellee Robin D. Carton, Esq.

BRETT A. SCHER, Kaufman Dolowich & Voluck LLP, Woodbury, NY, *for* Defendant-Appellee Faith G. Miller.

ANGELA DIMELLA, pro se, Cortlandt Manor, NY.

BARBARA D. UNDERWOOD, Attorney General, State of New York (Judith N. Vale, Senior Assistant Solicitor General, *argued and on the brief*, and Mark H. Shawhan, Assistant Solicitor General, *on the brief*), New York, NY, *for* Defendant-Appellee Hon. Arlene Gordon-Oliver, F.C.J.

RICHARD J. SULLIVAN, *Circuit Judge*:

In November 2017, Plaintiff-Appellant Michael Anthony Deem filed for divorce from Defendant-Appellee Lorna DiMella-Deem in New York State Supreme Court, Westchester County, seeking joint custody of their two children. The divorce gave rise to family court proceedings over which Family Court Judge Arlene Gordon-Oliver presided. In the course of those proceedings, Judge Gordon-Oliver granted an application filed by Defendant-Appellee Faith Miller, who had been appointed to represent the children during the family court proceedings, for a temporary protection order requiring Deem to refrain from any contact with the children.

Deem, a licensed attorney, responded by filing this suit in the Southern District of New York against his wife, their marriage counselor, Judge Gordon-

Oliver, and other individuals (collectively, "Defendants") involved in the family court proceedings. In particular, Deem asserted claims under 42 U.S.C. §§ 1983, 1985, and New York state law, alleging, *inter alia*, that Defendants conspired to maliciously prosecute him and to violate his right to intimate association with his children. Upon the filing of Deem's complaint, Judge Gordon-Oliver recused herself, adjourned an upcoming hearing to a date two months out, and transferred the case to a different judge. Judge Gordon-Oliver also extended the temporary order of protection until the next court date. One week later, Deem filed an amended complaint seeking damages against Judge Gordon-Oliver.

On July 24, 2018, the district court (Nelson S. Román, *Judge*) *sua sponte* dismissed the case. Specifically, the district court concluded that Judge Gordon-Oliver was entitled to judicial immunity and that Deem's claims against her were therefore frivolous. With respect to Deem's federal claims against the remaining defendants, the district court declined to exercise subject matter jurisdiction, ruling that abstention was warranted under our holding in *American Airlines, Inc. v. Block*, since Deem's claims "are, or are on the verge of being, about child custody," and Deem had "alleged no facts indicating that there is any 'obstacle to [a] full and fair determination [of his child custody issues] in state courts.'" App'x

4

at 44 (alterations in original) (quoting *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990)). After dismissing all of Deem's federal claims, the district court declined to exercise supplemental jurisdiction over his state law claims. Deem timely appealed the dismissal of his federal claims.

## I. Judicial Immunity

We affirm the dismissal of Deem's claims against Judge Gordon-Oliver substantially for the reasons set forth in the district court's well-reasoned decision. *See* App'x 40–42. In particular, the district court correctly determined that, at all relevant times, Judge Gordon-Oliver acted in her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Furthermore, even assuming that Judge Gordon-Oliver erred in extending the temporary protection order against Deem shortly after recusing herself, any such error falls far short of an act "taken in the complete absence of all jurisdiction." *Id.* at 12; *see also, e.g.*, *Brandley v. Keeshan*, 64 F.3d 196, 201 (5th Cir. 1995) (holding that judicial immunity barred suit against a state court judge who set an execution date after recusing himself), *abrogated on other grounds by Wallace v. Kato*, 549 U.S. 384 (2007). Because Judge Gordon-Oliver was thus clearly entitled to judicial immunity, the district court did not err in *sua sponte* dismissing the claims against her as frivolous. *See Mills v. Fischer*, 645 F.3d 176,

177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of 28 U.S.C. § 1915(g).").

## II. Domestic Relations Exception and Abstention

With respect to Deem's remaining federal claims, the district court abstained from exercising subject matter jurisdiction under *American Airlines*. On appeal, Deem argues that, under our subsequent decision in *Williams v. Lambert*, 46 F.3d 1275 (2d Cir. 1995), the domestic relations abstention doctrine does not apply in federal-question cases. We disagree. Although the domestic relations "*exception*" to subject matter jurisdiction recognized by the Supreme Court in *Ankenbrandt v. Richards*, 504 U.S. 689 (1992), does not apply in federal-question cases, the domestic relations *abstention* doctrine articulated in *American Airlines* does. And since *American Airlines* remains good law in this Circuit, we affirm the district court's dismissal of Deem's federal claims on abstention grounds.

### A. Background: *American Airlines* (1990), *Ankenbrandt* (1992), and *Williams* (1995)

In *American Airlines*, a federal-question interpleader case, we held that the district court erred in not abstaining from adjudicating the parties' dispute over the distribution of certain funds – specifically, funds corresponding to an ex-spouse's maintenance obligations that had not yet been reduced to a final

6

judgment in state court. 905 F.2d at 15. Before reaching the question of abstention, we first concluded that the case did not fall within the exception to subject matter jurisdiction recognized in *Barber v. Barber*, 62 U.S. (21 How.) 582, 584 (1859). *Id.* at 14. That was so, we explained, because the *Barber* exception applied "only where a federal court is asked to grant a divorce or annulment, determine support payments, or award custody of a child" – in other words, a "rather narrowly confined" set of disputes not present in *American Airlines*. *Id.* (internal quotation marks and citation omitted). We also noted that the exception might not apply in federal-question cases, but declined to resolve that issue. *Id.* at 14 n.1. Proceeding to the question of *abstention*, we then explained:

> Nevertheless, even if subject matter jurisdiction lies over a particular matrimonial action, federal courts may properly abstain from adjudicating such actions in view of the greater interest and expertise of state courts in this field. A federal court presented with matrimonial issues or issues "on the verge" of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts.

*Id.* at 14 (quoting *Bossom v. Bossom*, 551 F.2d 474, 475 (2d Cir. 1976) (per curiam); *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 516 (2d Cir. 1973)). Because the parties' dispute over certain maintenance funds was, at a minimum, on the verge of being matrimonial in nature, and since there was no obstacle to the

full and fair determination of that dispute in state court, we concluded that the district court should have abstained from exercising jurisdiction over it. *See id.* at 14–15.

Two years later, in *Ankenbrandt*, the Supreme Court reaffirmed the existence of the jurisdictional exception recognized in *Barber*. 504 U.S. at 699–704. The Court first held that the domestic relations exception was not of constitutional dimension, but rather was an implied exception to Congress's grant of diversity jurisdiction in 28 U.S.C. § 1332. *Id.* at 696, 700–03. The Court further held, consistent with *American Airlines*, that the exception did not apply because the plaintiff's tort suit for damages, alleging child abuse against her ex-husband and his female companion, did not "involv[e] the issuance of a divorce, alimony, or child custody decree." *Id.* at 704. Finally, the Court concluded that abstention was not appropriate under *Younger v. Harris*, 401 U.S. 37 (1971), because there were no pending state court proceedings, or under *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943), because the "status of the domestic relationship ha[d] been determined as a matter of state law, and in any event ha[d] no bearing on the underlying torts alleged." *Id.* at 705–06.

The following year, in *Williams*, we considered an Equal Protection Clause challenge to a New York law that allegedly discriminated against children born out of wedlock. 46 F.3d at 1277. After concluding that various other abstention doctrines did not apply, we stated, without elaboration, that "the general policy that federal courts should abstain from deciding cases that involve matrimonial and domestic relations issues" likewise did not apply. *Id.* at 1281–83. The *Williams* decision did not mention abstention again, but rather proceeded to discuss the "matrimonial exception" articulated in *Barber* and reaffirmed in *Ankenbrandt*. *Id.* at 1283–84. In the course of that discussion, *Williams* cited *American Airlines* in passing, together with other cases, when recognizing the existence of the matrimonial exception; however, *Williams* did not address or even acknowledge *American Airlines*'s abstention holding. *Id.* at 1283. Ultimately, the *Williams* Court held that "the matrimonial exception d[id] not apply" because the case did not involve a decree for divorce, alimony, or child custody, and was "before this Court on federal question jurisdiction, not diversity." *Id.* at 1284.

## B. Discussion

Here, as in *American Airlines*, we first consider whether the domestic relations exception to federal jurisdiction applies – that is, whether the district

9

court lacks subject matter jurisdiction as a threshold matter – and then, if the answer is no, we proceed to consider whether the district court properly abstained from exercising its jurisdiction. *See Am. Airlines*, 905 F.2d at 15; *see also In re S.G. Phillips Constructors, Inc.*, 45 F.3d 702, 708 (2d Cir. 1995) ("[T]he abstention provisions implicate the question whether the bankruptcy court should exercise jurisdiction, not whether the court has jurisdiction in the first instance. . . . The act of abstaining presumes that proper jurisdiction otherwise exists.").

With respect to the first question, the domestic relations exception clearly does not apply to this case because it is "before this Court on federal question jurisdiction, not diversity." *Williams*, 46 F.3d at 1284. Even if that answer were not compelled by our holding in *Williams*, we would find no basis for inferring a domestic relations exception to the federal-question jurisdiction statute, 28 U.S.C. § 1331. That the Court in *Ankenbrandt* recognized a domestic relations exception to the diversity jurisdiction statute (based mainly on the statute's pre-1948 text, the Court's longstanding interpretation, and *stare decisis*) has no bearing on whether such an exception applies in non-diversity cases. *See Atwood v. Fort Peck Tribal Court Assiniboine*, 513 F.3d 943, 947 (9th Cir. 2008) (holding that the domestic relations exception does not apply in non-diversity cases); *United States v. Bailey*,

10

115 F.3d 1222, 1231 (5th Cir. 1997) (same); *United States v. Johnson*, 114 F.3d 476, 481 (4th Cir. 1997) (same). Nor are we persuaded by the Seventh Circuit's view that "the domestic-relations exception . . . appl[ies] to both federal-question and diversity suits." *Kowalski v. Boliker*, 893 F.3d 987, 995 (7th Cir. 2018) (citing *Allen v. Allen*, 48 F.3d 259, 262 n.3 (7th Cir. 1995)). In *Allen*, the court recognized that the "domestic relations exception is statutorily carved out from diversity jurisdiction," but reasoned that "its goal of leaving family disputes to the courts best suited to deal with them [was] equally strong, if not stronger, in the instant, non-diversity dispute." 48 F.3d at 262 n.3. But the exception's "goal" is not enough to broaden its scope beyond the diversity jurisdiction context, since the exception "exists as a matter of statutory construction." *Ankenbrandt*, 504 U.S. at 700. Thus, in the federal-question context, the policies animating the outcome in *Allen* are appropriately considered as a basis for domestic-relations *abstention*, not the domestic relations *exception*.

With respect to abstention, we agree with the district court that Deem's claims are, at a minimum, "on the verge of being matrimonial in nature" and that "there is no obstacle to their full and fair determination in state courts." *Am. Airlines*, 905 F.2d at 14 (internal quotation marks omitted). Accordingly, this case

11

is squarely governed by our holding in *American Airlines*, unless that holding is no longer good law.

Turning then to the question of *American Airlines*'s validity, we begin by recognizing the basic rule that a published panel decision is binding on future panels "unless and until it is overruled by the Court *en banc* or by the Supreme Court." *Jones v. Coughlin*, 45 F.3d 677, 679 (2d Cir. 1995) (per curiam). Of course, "[w]e have recognized . . . that there is an exception to this general rule when an intervening Supreme Court decision . . . casts doubt on our controlling precedent." *In re Arab Bank, PLC Alien Tort Statute Litig.*, 808 F.3d 144, 154 (2d Cir. 2015) *as amended* (Dec. 17, 2015) (internal quotation marks and citation omitted), *aff'd sub nom. Jesner v. Arab Bank, PLC*, 138 S. Ct. 1386 (2018). In those circumstances, "the intervening decision need not address the precise issue already decided by our Court," though there must still be a "conflict, incompatibility, or inconsistency" between the intervening decision and our precedent. *Id.* at 154–55 (brackets, internal quotation marks, and citations omitted).

*Ankenbrandt*, the intervening Supreme Court decision most relevant to *American Airlines*'s abstention holding, neither overruled that holding nor cast doubt on it to the extent that we are free to chart a new course here. As we have

12

explained, *Ankenbrandt* was not a federal-question case and thus did not squarely address the issue presented in *American Airlines* or this case. And while *Ankenbrandt* could be read to suggest that abstention based on domestic relations concerns is merely a variant of *Younger* or *Burford* abstention, *see Ankenbrandt*, 504 U.S. at 705–06, 706 n.8, the existence of a distinct abstention doctrine for certain domestic relations disputes is supported by the Supreme Court's longstanding recognition – in a non-diversity case involving a child custody dispute – that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also Ankenbrandt*, 504 U.S. at 703 (citing *In re Burrus* with approval while noting that it "technically did not involve a construction of the diversity statute"); *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (reiterating, in the context of prudential standing, that "in general it is appropriate for the federal courts to leave delicate issues of domestic relations to the state courts"), *abrogated on other grounds by Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118 (2014). Consistent with these statements, several of our sister circuits have continued to recognize a distinct domestic relations abstention doctrine in one form or another post-*Ankenbrandt*. *See supra* p.7

(discussing the Seventh Circuit's abstention-like approach to federal-question domestic relations cases); *Chambers v. Michigan*, 473 F. App'x 477, 479 (6th Cir. 2012) (unpublished) ("Even when brought under the guise of a federal question action, a suit whose substance is domestic relations generally will not be entertained in a federal court." (citing *Firestone v. Cleveland Tr. Co.*, 654 F.2d 1212, 1215 (6th Cir. 1981)); *DeMauro v. DeMauro*, 115 F.3d 94, 99 (1st Cir. 1997) ("[A]bstention by use of a stay may be permissible where a RICO action is directed against concealment or transfer of property that is the very subject of a pending divorce proceeding."); *see also Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 n.9 (1987) ("The various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases."). Therefore, in the absence of a clear statement from the Supreme Court precluding an abstention doctrine like the one in *American Airlines*, we discern no conflict, incompatibility, or inconsistency between that case and intervening Supreme Court law that would render prior Circuit precedent not binding on us. *See In re Arab Bank*, 808 F.3d at 153 ("Whatever the tension between [our precedent and Supreme Court precedent], the decisions are not logically inconsistent.").

Finally, there is no merit to the argument that the abstention issue presented here is governed by *Williams* rather than *American Airlines*. Admittedly, certain language in *Williams* is, at first glance, suggestive of a ruling on abstention. Nevertheless, *Williams* did not squarely address whether abstention under *American Airlines* was appropriate, let alone whether its abstention holding had been abrogated by *Ankenbrandt*. *See* 46 F.3d at 1283–84. Rather, *Williams* ultimately relied on *Ankenbrandt* to conclude that "the matrimonial *exception* does not apply." *Id.* at 1284 (emphasis added). In these circumstances, we will not read *Williams* to be in conflict with *American Airlines*, much less a binding holding that *American Airlines* is no longer good law. *See Friends of the E. Hampton Airport, Inc. v. Town of E. Hampton*, 841 F.3d 133, 153 (2d Cir. 2016) ("[A] *sub silentio* holding is not binding precedent." (internal quotation marks and citation omitted)). Furthermore, "even if the [*Williams*] Court had wanted to overrule [*American Airlines*], it could not have done so." *Tanasi v. New All. Bank*, 786 F.3d 195, 200 n.6 (2d Cir. 2015) *as amended* (May 21, 2015). Thus, even assuming the two cases were in direct conflict, we would "have no choice but to follow" *American Airlines*, and we do so here.[1] *Id.*

---

[1] Our decision today is consistent with our unbroken practice of citing *American Airlines* when upholding, in unpublished decisions, the dismissal of both federal-question and diversity cases involving domestic relations disputes. *See, e.g., Martinez v. Queens Cty. Dist. Att'y*, 596 F. App'x 10, 12 (2d Cir. 2015); *Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir.

15

Accordingly, since *American Airlines* continues to be the law of this Circuit, and since Deem's claims are at least "on the verge of being matrimonial in nature" and are capable of being fairly resolved in state court, we affirm the district court's dismissal of Deem's federal claims on abstention grounds.

III.

We have considered Deem's remaining arguments and find them without merit. For the reasons stated above, we **AFFIRM** the judgment of the district court.

---

2014); *Hamilton v. Hamilton-Grinols*, 363 F. App'x 767, 769 (2d Cir. 2010); *Schottel v. Kutyba*, No. 06-1577, 2009 WL 230106, at *1 (2d Cir. Feb. 2, 2009); *Mitchell-Angel v. Cronin*, 101 F.3d 108, 1996 WL 107300, at *2 (2d Cir. Mar. 8, 1996).