19-1630-cv
*Deem v. Eichen, et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of April, two thousand twenty.

PRESENT:   AMALYA L. KEARSE,
           JOSÉ A. CABRANES,
           MICHAEL H. PARK,
                     *Circuit Judges*,

———————————————————————

MICHAEL ANTHONY DEEM,

       *Plaintiff-Appellant*,                     19-1630-cv

       v.

LORNA M. DIMELLA-DEEM, LINDA EICHEN, ESQ.,
HON. HAL B. GREENWALD, F.C.J., AND HON. JOSEPH
A. EGITTO, A.J.S.C.,

       *Defendants-Appellees.*[*]

———————————————————————

---

[*] The Clerk of Court is directed to amend the official caption to conform to the above.

FOR PLAINTIFF-APPELLANT:                    Michael A. Deem, *pro se*, Yonkers, NY.

FOR DEFENDANTS-APPELLEES:                   Anthony P. Colavita and Noah Nunberg,
                                            L'Abbate, Balkan, Colavita & Contini,
                                            L.L.P., Garden City, NY.

Appeal from a May 2, 2019 judgment of the United States District Court for the Southern District of New York (Kenneth M. Karas, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-Appellant Michael Deem ("Deem"), an attorney proceeding *pro se*, sued his estranged wife, Lorna DiMella-Deem, her family law attorney, Linda Eichen, and two state-court judges under 42 U.S.C. § 1983 for violations of the First, Second, Ninth, and Fourteenth Amendments. He alleged that DiMella-Deem and Eichen conspired with a family court judge to deny him due process and extend a temporary order of protection against him that prohibited him from contacting his children, practicing his religion with them, or accessing his guns. The District Court dismissed the complaint, reasoning, *inter alia*, that the DiMella-Deem and Eichen were not state actors, that the defendant judges were entitled to judicial immunity, and that it should abstain under the domestic relations abstention doctrine. *See* App'x 48. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).

The District Court properly dismissed the complaint. In *American Airlines, Inc. v. Block*, we held that "[a] federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." 905 F.2d 12, 14 (2d Cir. 1990) (quoting *Csibi v. Fustos*, 670 F.2d 134, 137 (9th Cir. 1982)). Because we saw no such obstacle, we held that the District Court should have abstained in part from adjudicating the action. *Id.* at 15.

We recently re-affirmed the vitality of *American Airlines* in *Deem v. DiMella-Deem*, 941 F.3d 618, 623–25 (2d Cir. 2019). There, Deem—the same plaintiff here—sued DiMella-Deem and others under § 1983, alleging that they conspired to maliciously prosecute him and violate his right to intimate association with his children by seeking and obtaining a temporary order of protection prohibiting him from contacting his children. *See Deem*, 941 F.3d at 620. We concluded that the District Court properly abstained under *American Airlines* because Deem's claims were, "at a

minimum, on the verge of being matrimonial in nature" and that there was "no obstacle to their full and fair determination in state courts." *Id.* at 623 (internal quotation marks omitted).

Deem's allegations in this case are nearly identical to the allegations we considered in his prior appeal. In this case, he alleged that his injuries—inability to practice Catholicism with his children, inability to gain access to his guns, inability to see his children, and denial of due process—stemmed from the defendants' actions in obtaining an extension of the temporary order of protection from the family court. This is the same order of protection and family court case discussed in *Deem*. Therefore, the issues here are also "on the verge of being matrimonial in nature." *See id.* at 623, 625. Further, Deem made no allegation that he could not vindicate his rights in state court, and does not dispute the District Court's conclusion on this point. Accordingly, the District Court properly dismissed the complaint on *American Airlines* domestic relations abstention grounds.

## CONCLUSION

We have reviewed all of the arguments raised by Deem on appeal and find them to be without merit. For the foregoing reasons, we **AFFIRM** the May 2, 2019 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3