19-1072-cv
Cleary v. MacVicar

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of May, two thousand twenty.

PRESENT: PIERRE N. LEVAL,
RAYMOND J. LOHIER, JR.,
MICHAEL H. PARK,
*Circuit Judges*.

------------------------------------------------------------------

KEVIN CLEARY,

*Plaintiff-Appellant*,

v.                                                                No. 19-1072-cv

SUSAN MACVICAR, GINNY MACVICAR,
DEBORAH GROVER, ESQ., CRYSTELLE HIBBARD,
ESQ., PATRICIA MINALGO, COURTNEY BONJOUR,
DEIRDRE SCOTT, JOYCE HEADY, HONORABLE
BARBARA M. QUINN, HONORABLE HEIDI
WINSLOW, JOHN DOES, 1-100, JANE DOES, 1-100,

*Defendants-Appellees.*

-----------------------------------------------------------------

FOR PLAINTIFF-APPELLANT:                    Kevin Cleary, *pro se*, Sandy Hook, CT.


FOR DEFENDANTS-APPELLEES
SUSAN AND GINNY MACVICAR:                    Andrea K. Hallier, Riccio & Beletsky, LLC, Branford, CT.


FOR DEFENDANT-APPELLEE
DEBORAH GROVER, ESQ.:                        Claire E. Ryan, Jonathan C. Zellner, Ryan Ryan Deluca LLP, Stamford, CT.


FOR DEFENDANT-APPELLEE
CRYSTELLE HIBBARD, ESQ.:                     Michael R. Keller, Christina Canales, Morrison Mahoney LLP, Hartford, CT.


FOR DEFENDANT-APPELLEE
PATRICIA MINALGO:                            Patricia Minalgo, *pro se*, Cape Coral, FL.


FOR DEFENDANT-APPELLEE
COURTNEY BONJOUR:                            Courtney Bonjour, *pro se*, Sandy Hook, CT.


FOR DEFENDANT-APPELLEE
DEIRDRE SCOTT:                               Jonathan A. Kocienda, Danaher Lagnese, P.C., Hartford, CT.

FOR DEFENDANT-APPELLEE
JOYCE HEADY:                         Kay A. Williams, Cooney, Scully, and Dowling, Hartford, CT.

FOR DEFENDANTS-APPELLEES
HONORABLE BARBARA M. QUINN
AND HONORABLE HEIDI WINSLOW:         Michael K. Skold, Assistant Attorney General, *for* William Tong, Attorney General for the State of Connecticut, Hartford, CT.

FOR DEFENDANTS-APPELLEES
JOHN AND JANE DOES 1-100:            No appearance.

Appeal from a judgment and an order of the United States District Court for the District of Connecticut (Vanessa L. Bryant, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment and order of the District Court are AFFIRMED.

Kevin Cleary, proceeding pro se, appeals from a judgment dismissing his complaint and an order denying his reconsideration motion entered by the District Court (Bryant, J.). In his lawsuit, Cleary claimed that the Defendants-Appellees deprived him of custody and visitation rights with his son, in violation

3

of the Fourteenth Amendment and Connecticut law.  In dismissing Cleary's complaint for lack of jurisdiction, the District Court relied on the domestic relations exception doctrine.  We assume the parties' familiarity with the underlying facts and prior record of proceedings, to which we refer only as necessary to explain our decision to affirm.

As an initial matter, the Defendants-Appellees argue that the appeal is untimely as to the underlying judgment.  We disagree.  While a notice of appeal must be filed within thirty days after entry of the judgment, see Fed. R. App. P. 4(a)(1)(A), the time to file a notice of appeal in this case was tolled until the disposition of Cleary's motion under Rule 59 of the Federal Rules of Civil Procedure "to alter or amend the judgment," id., so long as the Rule 59 motion was "filed no later than 28 days after the entry of the judgment," Fed. R. Civ. P. 59(e).  Here, Cleary's motion for reconsideration was timely filed twelve days after judgment was entered, and the District Court did not issue an "order disposing of [that] motion" until March 25, 2019.  See Fed. R. App. P. 4(a)(4)(A). Accordingly, Cleary's April 18, 2019 notice of appeal was timely filed under Rule 4(a)(4)(A) of the Federal Rules of Appellate Procedure.  And although Cleary's

notice of appeal listed only the reconsideration order, an appeal from an order denying a reconsideration motion "suffices to bring up for review the underlying order or judgment, at least where the motion renews arguments previously made." "R" Best Produce, Inc. v. DiSapio, 540 F.3d 115, 121 (2d Cir. 2008). Cleary's reconsideration motion sought to relitigate the merits of his claims and renew arguments previously made. Cleary's notice of appeal was therefore timely filed, and we have jurisdiction to review both the judgment and the reconsideration order.

Turning to the merits, although Cleary does not raise this point, we note that the District Court incorrectly explained its dismissal on the basis of the domestic relations exception to subject matter jurisdiction. We nonetheless affirm the dismissal because, while the domestic relations exception does not apply to suits that assert jurisdiction by pleading a federal question (such as this one), see Deem v. DiMella-Deem, 941 F.3d 618, 621 (2d Cir. 2019), the dismissal was nonetheless appropriate as an exercise of domestic relations abstention because Cleary's claims are, at a minimum, "on the verge of being matrimonial in nature" and "there is no obstacle to their full and fair determination in state

courts," id. at 623 (quotation marks omitted). See also Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 482 (2d Cir. 2014) ("[W]e are entitled to affirm the [District Court's] judgment on any basis that is supported by the record."). We therefore affirm the District Court's judgment on that basis.

On appeal, Cleary has abandoned any challenge to the District Court's denial of his reconsideration motion by not raising any arguments concerning that denial in his briefing. See Moates v. Barkley, 147 F.3d 207, 209 (2d Cir. 1998). In any event, even considering such a challenge we would conclude that Cleary's motion failed to point to any controlling decisions or information that the District Court overlooked in its original order. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). We therefore also affirm the District Court's order on that motion.

We have considered Cleary's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment and order of the District Court are AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6