Pastor v. Barr

BIA
A088 444 106

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 4th day of December, two thousand twenty.

PRESENT:
>        PIERRE N. LEVAL,
>        ROBERT D. SACK,
>        RAYMOND J. LOHIER, JR.,
>            *Circuit Judges.*

_____

NATALIO C. PASTOR,
>        *Petitioner,*

v.                                              19-77
                                                NAC

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:            Rene Kathawala, Paige Pavone,
                           Orrick, Herrington & Sutcliffe
                           LLP, New York, NY; Dan R. Smulian,
                           Catholic Charities Community
                           Services, New York, NY.

**FOR RESPONDENT:**   Joseph H. Hunt, Assistant Attorney General; Jessica E. Burns, Senior Litigation Counsel; Keith I. McManus, Assistant Director, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

**FOR MOVANT AMICI CURAE:**   Alina Das, Jessica Rofé, Jessica Swensen, Washington Square Legal Services, Inc. Immigrant Rights Clinic, New York, NY.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Natalio C. Pastor, a native and citizen of Mexico, seeks review of a December 21, 2018, decision of the BIA denying his motion to reopen and terminate his immigration proceedings. *In re Pastor*, No. A 088 444 106 (B.I.A. Dec. 21, 2018). The Washington Square Legal Services, Inc. Immigrant Rights Clinic moves to file a late-filed brief on behalf of amici curiae former immigration judges and members of the Board of Immigration Appeals. We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d

Cir. 2006). There was no abuse of discretion here.

Pastor's sole argument, that that the agency lacked jurisdiction over his removal proceedings because his notice to appear ("NTA") did not include a hearing time and place, is foreclosed by our decision in *Banegas Gomez v. Barr*, 922 F.3d 101 (2d Cir. 2019). In *Pereira v. Sessions*, 138 S. Ct. 2105, 2113-14 (2018), the Supreme Court held that an NTA that fails to specify a time or place of hearing as required in 8 U.S.C. § 1229(a)(1) does not stop the accrual of continuous presence required for cancellation of removal as set forth in 8 U.S.C. § 1229b(d)(1). Following that decision, we held in *Banegas Gomez* that "an NTA that omits information regarding the time and date of the initial removal hearing is nevertheless adequate to vest jurisdiction in the Immigration Court, at least so long as a notice of hearing specifying this information is later sent to the alien." 922 F.3d at 112. Although the NTA at issue in *Banegas Gomez* did not also omit the place of the hearing, as the NTA did in this case, we observed that *Pereira* addressed a narrow question regarding the stop-time rule and does not "void *jurisdiction* in cases in which an NTA omits a hearing time or place." *Id.* at 110. Pastor's NTA omitted the time, date, and place of

the hearing, but he received a hearing notice containing this information. Both notices certified that Pastor was personally served, he does not argue that he did not receive the documents, and he appeared at his hearing. Accordingly, the immigration court had jurisdiction. We do not consider Pastor's argument that *Banegas Gomez* was wrongly decided because the opinion is binding "unless and until it is overruled by the Court *en banc*" or called into question by the Supreme Court. *See Deem v. DiMella-Deem*, 941 F.3d 618, 623 (2d Cir. 2019). We deny the Clinic's motion to file an amicus brief because the proposed brief predates *Banegas Gomez*.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

4