22-2846-cv
Jacobs v. Jacobs

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.   CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.   WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").   A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand twenty-three.

PRESENT:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> BETH ROBINSON,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

_____

Samuel O. Jacobs,

> *Plaintiff-Appellant,*

> v.                                                                    22-2846

Kent Jacobs, Dutchess County Family
Court,

*Defendants-Appellees,*

**Joseph A. Egitto, Poughkeepsie, NY, Attn: City Attorney, Charles F. Sanders, NYS Office of the Attorney General,**

*Defendants.*[*]

_____

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | Samuel O. Jacobs, pro se, South Ozone Park, NY. |
| **FOR DEFENDANT-APPELLEE KENT JACOBS:** | Kent Jacobs, pro se, Hopewell Jct., NY. |
| **FOR DEFENDANT-APPELLEE DUTCHESS COUNTY FAMILY COURT:** | Barbara D. Underwood, Solicitor General; Judith N. Vale, Deputy Solicitor General; Stephen J. Yanni, Assistant Solicitor General, Of Counsel, *for* Letitia James, Attorney General of the State of New York, New York, NY. |

_____

[*] The Clerk of the Court is directed to amend the caption as set forth above.

2

Appeal from a judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Samuel Jacobs ("Samuel"), pro se, appeals from the district court's dismissal of his 42 U.S.C. § 1983 claims against his son Kent Jacobs ("Kent") and the Dutchess County Family Court ("DCFC"). After Kent obtained a seven-year order of protection against Samuel in DCFC, Samuel filed this suit, alleging that DCFC and Kent had deprived him of his constitutional rights and caused him physical and psychological suffering, and that Kent had damaged his reputation. He also alleged that the DCFC judge had improperly denied his request to proceed pro se (while allowing Kent to do so) and issued an arrest warrant against him without probable cause.

DCFC and Kent both moved to dismiss, the latter pro se, and the district court granted the motions and dismissed Samuel's claims without leave to further amend. The district court reasoned that Samuel's claims against DCFC were

3

barred by Eleventh Amendment immunity and his claims against both DCFC and Kent were brought beyond the statute of limitations. *See Jacobs v. Jacobs*, No. 21-CV-10577 (CS), 2022 WL 10648864, at \*4–6 (S.D.N.Y. Oct. 18, 2022). Samuel appealed. We assume the parties' familiarity with the remaining underlying facts, the procedural history, and the issues on appeal.

We review a district court's dismissal for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) de novo (without deference to the district court), accepting all well-pleaded facts as true and drawing all reasonable inferences in favor of the non-moving party—here, Samuel. *74 Pinehurst LLC v. New York*, 59 F.4th 557, 562 (2d Cir. 2023). Our review of a denial of leave to amend is for abuse of discretion, "unless the denial was based on an interpretation of law, such as futility," which would also require de novo review. *Empire Merchs., LLC v. Reliable Churchill LLP*, 902 F.3d 132, 139 (2d Cir. 2018). Pro se submissions receive special solicitude, meaning we interpret them to raise "the strongest arguments that they suggest." *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam).

We agree with the district court that the claims against DCFC are barred by

4

Eleventh Amendment immunity. The Eleventh Amendment precludes suits against states unless the state expressly waives its immunity or Congress abrogates (repeals) that immunity. *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94–95 (2d Cir. 2002). Eleventh Amendment immunity "extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (internal quotation marks omitted). The Unified Court System, of which DCFC is a part, is "unquestionably an arm of the state" that shares in New York's immunity to suit. *Id.* at 368 (internal quotation marks omitted). New York has not waived its immunity. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 38–40 (2d Cir. 1977). Nor has Congress abrogated immunity via § 1983. *See Dube v. State Univ. of N.Y.*, 900 F.2d 587, 594 (2d Cir. 1990).

Samuel argues that *Ex parte Young* allows constitutional claims against state officials in their official capacity. 209 U.S. 123 (1908). While that is true, *Ex parte Young* applies only to claims seeking "prospective relief against state officials." *74 Pinehurst LLC*, 59 F.4th at 570. This means for the *Ex parte Young* exception to apply, a plaintiff must name a state official—that is, an individual person—not a

5

state agency, such as the family court.   *See Silva v. Farrish*, 47 F.4th 78, 84 (2d Cir. 2022).   Although Samuel sought prospective—that is, forward-looking—relief,[1] because Samuel named the family court as a defendant, not an individual state official,[2] the *Ex parte Young* exception to immunity does not apply here.

Samuel also argues that the Eleventh Amendment bar cannot be applied when a plaintiff alleges other violations of constitutional rights, including Fourteenth Amendment rights.   But Eleventh Amendment immunity applies "regardless of the nature of the relief sought."   *74 Pinehurst LLC*, 59 F.4th at 570. Put another way, even where a plaintiff alleges a violation of a Fourteenth Amendment right, the Eleventh Amendment immunity analysis still has to consider whether the plaintiff is seeking forward-looking relief against an

---

[1] Samuel sought injunctive relief that would require the family court to "set up guidelines and a review process" to protect due process rights of defendants, provide supervision and training for judges, and "[a]utomatic review of disputed and controversial decisions."   Defendant's App'x at 41.

[2] Charles F. Sanders, an Assistant Attorney General named in the Amended Complaint, was stricken by the district court after it was determined Samuel named him in error.   *See* Defendant's App'x at 5-6.

individual state official.[3]   Because Samuel's complaint does not seek forward-looking relief against an individual state official, the *Ex parte Young* exception does not apply.

Kent, as a private party, is not protected by Eleventh Amendment immunity, but we further agree with the district court that the claims against him (as well as any claims against DCFC that would somehow survive Eleventh Amendment immunity) are time-barred.   "The statute of limitations for § 1983 actions arising in New York is three years."   *Lucente v. Cnty. of Suffolk*, 980 F.3d 284, 308 (2d Cir. 2020).   The last act relevant to Samuel's suit—the order allegedly denying Samuel's request to proceed pro se—was on August 6, 2018.   Therefore, assuming for the sake of argument only that his claims accrued and the statute of limitations "clock" started ticking at the latest possible date, Samuel had at least until August 6, 2021, to file a timely complaint.   Instead, he filed his complaint on December 8, 2021.   He does not persuasively argue that the limitations period

---

[3] To the extent that Samuel intended to sue the DCFC judge for actions taken during the family court proceedings, his claims would be barred by absolute judicial immunity, which applies unless a judge acts in "complete absence of all jurisdiction." *Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (citation omitted).   Samuel does not assert that the DCFC judge lacked jurisdiction over the family court case.

7

should be tolled (that is, paused or delayed) or explain why his claims could have accrued later. As the district court explained, the statute of limitations clock for a claim brought under § 1983 for violation of Constitutional rights begins to run at the moment the plaintiff learns of the injury—it does not restart each time the same injury recurs. *See* Defendant's App'x at 10.

Even if Samuel's claims were timely, they are without merit. Samuel failed to plead facts suggesting that Kent, a private citizen, was acting "under color of state law" for the purposes of § 1983 liability for the alleged constitutional violations. *Giordano v. City of New York*, 274 F.3d 740, 750 (2d Cir. 2001) (citation omitted). Under our precedents, the fact that Kent sought the protection of family court does not mean he was acting under color of state law. *See Dahlberg v. Becker*, 748 F.2d 85, 93 (2d Cir. 1984) ("[T]he mere invocation . . . of New York's legal procedures does not constitute joint participation so as to satisfy the statutory requirement under § 1983 that there be a state actor."); *see also Taylor v. Nichols*, 558 F.2d 561, 564 (10th Cir. 1977) ("The acts of filing a claim and testifying at trial do not constitute state action. These are private acts."). Kent therefore cannot be liable for constitutional torts.

8

Finally, the district court did not abuse its discretion in denying Samuel leave to further amend the complaint. He had already amended once, after a conference at which DCFC gave notice of the proposed grounds for dismissal. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (observing that pro se plaintiffs should be granted leave to amend "at least once"). Samuel otherwise identified no additional facts or legal theories that might enable his claims to survive dismissal. *See Empire Merchs.*, 902 F.3d at 146. Leave to amend would also have been futile, as Samuel's claims are barred by Eleventh Amendment immunity, absolute judicial immunity, the statute of limitations, and (as to the claims against Kent) the lack of state action. *See Cuoco*, 222 F.3d at 112 (2d Cir. 2000) ("The problem with [appellant's] causes of action is substantive; better pleading will not cure it.").

We have considered Samuel's remaining arguments and do not find them persuasive. Because Samuel's claims fail for the legal reasons discussed above (Eleventh Amendment immunity and the statute of limitations) we have not considered and take no position on his allegations about the events he has described and the harms he has suffered.

9

Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court