24-3336-cv
*Gerken v. Gordon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION SUMMARY ORDER). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of October, two thousand twenty-five.

PRESENT:
> GUIDO CALABRESI,
> ROBERT D. SACK,
> EUNICE C. LEE,
> > *Circuit Judges.*

———————————————————————

Daniel-Lee Gerken, Beneficiary,

> *Plaintiff-Appellant*,

v.                                                                              No. 24-3336

Thomas Gordon, Child Support Magistrate, Individual and Official Capacity, Erin Scott, Clerk of Court, Individual and Official Capacity, Rensselaer County, NY, Jaquelin Devorak, Nancy Harding, Individual and Official Capacity, New York State Child Support Processing Center, State of New York,

*Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT: DANIEL-LEE GERKEN, pro se, West Sand Lake, NY.

FOR DEFENDANT-APPELLEE JAQUELIN DEVORAK: Jaquelin Devorak, pro se, East Greenbush, NY.

FOR REMAINING DEFENDANTS-APPELLEES: No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (D'Agostino, *J.*; Hummel, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Daniel-Lee Gerken, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing his 42 U.S.C. § 1983 complaint.  Gerken commenced this action against, *inter alia*, a family court judge, the clerk of the family court, the mother of Gerken's child, and the New York State Child Support Processing Center, alleging that the defendants violated his constitutional rights by conspiring to seize his property and assets through a child support order.   Gerken asked the district court to order the family court to "drop" the child support orders and requested damages "to deter" further fraud.

2

Complaint at 5, *Gerken v. Gordon*, No. 24-CV-435, 2024 WL 5001402 (N.D.N.Y. Dec. 6, 2024), Dkt. No. 1. A magistrate judge recommended dismissing the complaint without prejudice and without leave to amend, concluding that Gerken's claims were barred either by the *Rooker-Feldman* doctrine or by the *Younger* and domestic relations abstention doctrines, and that, in the alternative, the complaint failed on multiple independent grounds. The district court adopted the R&R in its entirety, *sua sponte* dismissing Gerken's complaint without prejudice and without leave to amend. *Gerken v. Gordon*, No. 24-CV-435, 2024 WL 5001402, at *7 (N.D.N.Y. Dec. 6, 2024). We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review *de novo* a district court's legal conclusion as to whether subject-matter jurisdiction exists." *Behrens v. JPMorgan Chase Bank, N.A.*, 96 F.4th 202, 206 (2d Cir. 2024) (internal quotation marks omitted). Because Gerken "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *Shakirov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court correctly dismissed Gerken's complaint after concluding that the court lacked subject matter jurisdiction under *Rooker-Feldman* or must abstain under the domestic relations abstention doctrine. First, we agree that to the extent the family court

3

proceedings had ended and Gerken sought review and rejection of the family court's child support order, the district court lacked subject matter jurisdiction under *Rooker-Feldman*. The *Rooker-Feldman* doctrine "goes to subject matter jurisdiction." *Hunter v. McMahon*, 75 F.4th 62, 66 (2d Cir. 2023) (internal quotation marks omitted). The doctrine "bars a party losing in state court . . . from seeking what in substance would be appellate review of the state judgment in a United States district court." *Id.* at 67 (alteration in original) (internal quotation marks omitted).

This Court has articulated a four-part test under which *Rooker-Feldman* applies. *Id.* at 68. Specifically, it applies if "(1) the federal-court plaintiff lost in state court; (2) the plaintiff complains of injuries caused by a state court judgment; (3) the plaintiff invites review and rejection of that judgment; and (4) the state judgment was rendered before the district court proceedings commenced." *Id.* (quoting *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014)). However, "*Rooker-Feldman* does not apply when state proceedings have neither ended nor led to orders reviewable by the United States Supreme Court." *Id.* at 70 (internal quotation marks omitted).

Here, to the extent that the family court proceedings had entirely concluded and Gerken sought review and rejection of the child support order, all four requirements were satisfied. Gerken had lost in state court, complained of the injuries caused by the child

4

support order, explicitly asked the district court to review and reject that order, and the order was entered before he commenced this action.

Second, we agree that to the extent Gerken's complaint was not barred by *Rooker-Feldman*, the court correctly abstained from exercising jurisdiction under the domestic relations abstention doctrine. In federal question cases, "the existence of a distinct abstention doctrine for certain domestic relations disputes is supported by the Supreme Court's longstanding recognition — in a non-diversity case involving a child custody dispute — that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the states, and not to the laws of the United States.'" *Deem v. DiMella-Deem*, 941 F.3d 618, 624 (2d Cir. 2019) (alteration in original) (quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890)). In such cases, "[a] federal court presented with matrimonial issues or issues 'on the verge' of being matrimonial in nature should abstain from exercising jurisdiction so long as there is no obstacle to their full and fair determination in state courts." *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990).

Here, Gerken's complaint invoked federal question jurisdiction and was "matrimonial in nature" in that it asked the district court to intervene in his child support dispute and its adjudication in family court. *See Deem*, 941 F.3d at 624. Nor was there any obstacle to the full and fair determination of the child support issue in the state courts.

5

Accordingly, to the extent that any of Gerken's claims evaded *Rooker-Feldman*, application of domestic relations abstention was appropriate.

We have considered all of Gerken's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court