**FILED**
**United States Court of Appeals**
**Tenth Circuit**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

**December 19, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

KAYLA S. BIVINGS,

    Plaintiff - Appellant,

v.

MAGISTRATE ANDREA PAPRZYCKI;
JUDGE MARIKA FRADY; JUDGE
HILARY GURNEY; SCOTT SOSEBEE;
JESSICA YATES; OFFICE OF
ATTORNEY REGULATION COUNSEL
(OARC),

    Defendants - Appellees.

No. 25-1171
(D.C. No. 1:25-CV-00722-LTB-RTG)
(D. Colo.)

_____

## ORDER AND JUDGMENT[*]

_____

Before **HARTZ**, Circuit Judge, **LUCERO**, Senior Circuit Judge, and **PHILLIPS**, Circuit Judge.

_____

Plaintiff Kayla Bivings, proceeding pro se, filed this civil rights action complaining of improprieties that allegedly occurred in the course of Colorado state court proceedings that she was a party to. The district court dismissed Ms. Bivings'

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

amended complaint on a number of grounds.  Ms. Bivings now appeals.  Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm in part, reverse in part, and remand for further proceedings.

I

*A.  Ms. Bivings' state court proceedings*

Ms. Bivings is a Colorado resident and a party to at least three proceedings in Colorado state court.[1]  In January 2025, Magistrate Andrea Paprzycki recused herself from one of the state cases but, according to Ms. Bivings, "later unlawfully reinserted herself and signed an order . . . despite having no jurisdiction."  R. at 63.  In February 2025, Judge Marika Frady "issued a ruling" in a state case "before reviewing [Ms. Bivings'] filings."  *Id.*  A third judge, Judge Hilary Gurney, was also involved in one of the state cases and allegedly "[s]uppressed evidence, delayed rulings, [and] denied [Ms. Bivings a] fair hearing."  *Id.* at 62.  Ms. Bivings filed a motion to vacate the judgment in at least one of the cases on the basis of judicial misconduct, but that motion "was denied without explanation."[2]  *Id.* at 63.

Ms. Bivings "filed formal complaints with the 4th Judicial District Administration" and the Office of Attorney Regulation Counsel (OARC), "but no

---

[1] According to the record, one of the cases is an eviction action that Ms. Bivings' landlord filed against her in late 2024 and another is "a civil suit of retaliation and extreme discrimination" that Ms. Bivings filed against her landlord. R. at 82.  The nature of the third case is unclear.

[2] It is unclear which of the three cases the final judgment was entered in.

2

action was taken." *Id.* Scott Sosebee, a court executive, "closed the complaint without an investigation," thereby "shielding [the] judges from accountability." *Id.*

### B. The federal proceedings

In March 2025, Ms. Bivings filed this federal action asserting claims against the three judges involved in her state court actions, Mr. Sosebee, OARC, and Jessica Yates, who serves as OARC's chief regulation counsel. Count I of the amended complaint alleged that defendants violated 42 U.S.C. § 1983 by depriving Ms. Bivings "of her constitutional right to a fair and impartial tribunal." *Id.* Count II alleged that defendants violated 42 U.S.C. § 1985 by "engag[ing] in coordinated misconduct to protect judicial officials and deny [Ms. Bivings] justice." *Id.* at 64. Count III alleged that defendants obstructed justice by "fail[ing] to investigate misconduct, deliberately delay[ing] proceedings, and prevent[ing] [Ms. Bivings] from presenting evidence."[3] *Id.* Count IV sought "a stay" of three Colorado state cases "pending federal review" and "a declaration that judicial actions in these cases violated her due process rights." *Id.* In an addendum to the amended complaint, Ms. Bivings also asserted a claim (hereinafter Count V) against Ms. Yates and OARC for failing to investigate Ms. Bivings' complaints of judicial misconduct. In the "RELIEF REQUESTED" section of the amended complaint, Ms. Bivings requested

---

[3] The amended complaint did not identify what statute she was bringing Count III under. Because the allegations in Count III are related to the allegations in Count I, we liberally construe Count III as asserting a due process violation under § 1983, similar to the violation alleged in Count I. *See* R. at 72 (the amended complaint alleged in Count III that defendants "obstructed [Ms. Bivings'] right to due process and justice, violating her rights under federal law").

3

the district court, in relevant part, to "[v]acate all fraudulent rulings issued by Magistrate Paprzycki and Judge Frady" and award her compensatory and punitive damages. *Id.* at 64.

In April 2025, a magistrate judge reviewed the amended complaint and recommended that it be dismissed. The magistrate judge concluded that the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971), barred Ms. Bivings' request that the court stay any ongoing state court proceedings and vacate all fraudulent rulings. The magistrate judge further concluded that, to the extent Ms. Bivings' § 1983 claim was not barred by *Younger*, the defendants were immune from liability to the extent they were sued in their official capacities. More specifically, the magistrate judge concluded that "any § 1983 claims for monetary relief asserted against state officers in their official capacities [we]re barred by Eleventh Amendment immunity," and that the defendant judges were "absolutely immune from individual damages liability." R. at 178–79. Finally, the magistrate judge concluded that the amended complaint failed to "provid[e] any non-conclusory allegations to support a conspiracy under § 1985." *Id.* at 181.

The district court overruled Ms. Bivings' objections, adopted the magistrate judge's recommendation, dismissed the amended complaint, and entered final judgment.

Ms. Bivings filed several post-judgment motions, including a motion for reconsideration, a demand for constitutional review by the Colorado Supreme Court,

4

and a motion to certify constitutional questions to the Colorado Supreme Court. The district court denied all of those motions.

Ms. Bivings now appeals and requests leave to proceed in forma pauperis.

II

*A. Younger abstention*

We turn first to the district court's conclusion that the *Younger* abstention doctrine required it to abstain from addressing Ms. Bivings' claims to the extent they "concern[ed] ongoing state proceedings."[4] R. at 178. We review that ruling de novo. *Elna Sefcovic, LLC v. TEP Rocky Mtn., LLC*, 953 F.3d 660, 669 (10th Cir. 2020).

The *Younger* doctrine "provides that a federal court must abstain from deciding a case otherwise within the scope of its jurisdiction in 'certain instances in which the prospect of undue interference with state proceedings counsels against federal relief.'" *Id.* at 669-70 (quoting *Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013)). The Supreme Court has limited *Younger*'s application to three categories of cases: (1) criminal prosecutions; (2) certain "civil enforcement proceedings;" and (3) "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions." *New Orleans Pub. Serv., Inc. v. Council of the City of New Orleans*, 491 U.S. 350, 368 (1989). We refer to these as the "*Sprint* categories." *Sprint*, 571 U.S. at 78.

---

[4] We construe this conclusion as applying to Counts I, III, and IV of the amended complaint.

"If and only if the state court proceeding falls within one of the" *Sprint*

categories "*may* courts analyze the propriety of abstention under the so-called

*Middlesex* conditions." *Travelers Cas. Ins. Co. of Am. v. A-Quality Auto Sales, Inc.*,

98 F.4th 1307, 1317 (10th Cir. 2024); *see Middlesex Cnty. Ethics Comm. v. Garden

State Bar Ass'n*, 457 U.S. 423, 432–35 (1982). "Those conditions ask whether there

is (1) an ongoing state judicial . . . proceeding, (2) the presence of an important state

interest, and (3) an adequate opportunity to raise federal claims in the state

proceedings." *Travelers*, 98 F.4th at 1317 (internal quotation marks omitted).

The district court erred by failing to consider whether the underlying Colorado

state court cases fell within the *Sprint* categories.  As a result, we vacate that portion

of the district court's decision and remand for further proceedings on this question.[5]

### B.  Eleventh Amendment immunity

The district court concluded that defendants were immune from liability for

Count I, i.e., Ms. Bivings' § 1983 due process claim, to the extent that claim sought

---

[5] It appears that neither the eviction action filed against Ms. Bivings nor the retaliation action she filed against her landlord would fall into any of the *Sprint* categories.  *See Parr v. Colantonio*, 844 F. App'x 476, 479 (3d Cir. 2021) (concluding that "an ordinary eviction action . . . does not fit into any of the three categories identified in *Sprint*").

That said, the amended complaint indicated that one of the state cases had reached final judgment.  That in turn raises the possibility that any claims related to that case would be precluded by the *Rooker-Feldman* doctrine.  *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commended and inviting district court review and rejection of those judgments").

money damages against defendants in their official capacities. We review that ruling de novo. *See Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019).

"The Eleventh Amendment is a jurisdictional bar that precludes unconsented suits in federal court against a state and arms of the state." *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (internal quotation marks omitted). "And because an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity, the Eleventh Amendment provides immunity when state officials are sued for damages in their official capacity." *Id.* (brackets and internal quotation marks omitted).

We agree with the district court that, because all of the defendants are state actors, Ms. Bivings' claims are precluded to the extent she sought money damages against the defendants in their official capacities. *Id.*

### C. Judicial immunity

The district court concluded that the defendant judges were absolutely immune from individual damages liability. We review that ruling de novo. *See PJ ex rel. Jensen v. Wagner*, 603 F.3d 1182, 1195 (10th Cir. 2010).

"[J]udges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities." *Dennis v. Sparks*, 449 U.S. 24, 27 (1980). Judicial "immunity is overcome in only two sets of circumstances." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "First, a judge is not immune from liability for nonjudicial actions, *i.e.*, actions not taken in the judge's

judicial capacity." *Id.* "Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12.

We agree with the district court that the defendant judges in this case are absolutely immune from individual damages liability. Although Ms. Bivings argues that Magistrate Papryzcki acted "[o]utside [her] jurisdiction" because she "rul[ed] after recusal," we reject that argument. Aplt. Br. at 2. The fact that Magistrate Papryzcki may have recused herself from one of Ms. Bivings' cases does not mean that Magistrate Payryzcki "was not acting in h[er] judicial capacity or that [s]he acted in the complete absence of all jurisdiction." *Guttman v. Khalsa*, 446 F.3d 1027, 1034 (10th Cir. 2006); *see Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) ("[E]ven assuming that [the defendant judge] erred in extending the temporary protection order against [plaintiff] shortly after recusing herself, any such error falls far short of an act taken in the complete absence of all jurisdiction" (internal quotation marks omitted)).

Ms. Bivings also argues that judicial immunity does not apply to the extent the defendant judges acted "[i]n an administrative or collusive capacity." Aplt. Br. at 2. The amended complaint did not, however, allege that the defendant judges took any administrative actions that injured her. Nor did the amended complaint allege any specific facts indicating that the defendant judges acted in a "collusive capacity." We therefore reject this argument.

*D. Immunity for Mr. Sosebee*

In addressing Ms. Bivings' § 1983 claim, the magistrate judge and district court effectively treated Mr. Sosebee as a state court judge and concluded he was entitled to judicial immunity to the extent he was sued in his individual capacity for money damages.  The record, however, plainly indicates that Mr. Sosebee was a court administrator, not a judge.  Consequently, we reverse the district court's dismissal of the individual-capacity § 1983 claim against Mr. Sosebee.

*E.  The § 1985 claim*

The district court dismissed Count II, i.e., Ms. Bivings' § 1985 claim, because it concluded the allegations in the amended complaint failed to "demonstrate the existence of a conspiratorial agreement that was known to each defendant."  R. at 208.  We review that decision de novo.  *See Tilton v. Richardson*, 6 F.3d 683, 685 (10th Cir. 1993).

All three sections of § 1985 require proof that "two or more persons . . . conspire[d]" to interfere with the plaintiff's civil rights.  42 U.S.C. § 1985(1), (2), (3); *see Hogan v. Winder*, 762 F.3d 1096, 1113 (10th Cir. 2014) (noting that "[t]o establish a conspiracy claim under 42 U.S.C. § 1985(2), a plaintiff must prove . . . a conspiracy"); *Tilton*, 6 F.3d at 686 (noting that "[t]he essential elements of a § 1985(3) claim" include "(1) a conspiracy; (2) to deprive plaintiff of equal protection or equal privileges and immunities").

Ms. Bivings' amended complaint alleged that "[d]efendants engaged in coordinated misconduct to . . . deny [Ms. Bivings] justice," including by way of

9

"fraudulent rulings, suppression of evidence, and failure to investigate judicial corruption." R. at 64. We agree with the district court that these conclusory allegations are insufficient to state a valid claim for relief under § 1985. More specifically, there are no allegations that the defendants agreed to violate Ms. Bivings' rights or any allegations regarding what steps, if any, were taken by any of the defendants in furtherance of such agreement.

## F. The failure-to-investigate claim

Although the district court purported to dismiss the amended complaint in its entirety, the district court failed to address the merits of Count V, i.e., Ms. Bivings' claim against OARC and Ms. Yates for failure to investigate Ms. Bivings' allegations of judicial and attorney misconduct. *Id.* at 72–73. Because we generally do not consider a claim in the first instance, we leave it to the district court to consider the failure-to-investigate claim on remand. *See Evers v. Regents of Univ. of Colo.*, 509 F.3d 1304, 1310 (10th Cir. 2007) (stating that "the better practice" is "leaving the matter to the district court in the first instance").

## G. Denial of motion to certify constitutional questions

Ms. Bivings also challenges the district court's denial of her motion to certify constitutional questions to the Colorado Supreme Court. We review a district court's denial of a motion to certify for an abuse of discretion. *See Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1001 (10th Cir. 2005).

We conclude the district court did not abuse its discretion in denying Ms. Bivings' motion to certify. That motion, which was filed after the district court

entered final judgment in the case, asked the district court to certify four questions—two involving issues of Colorado state law and the other two involving issues of federal law—to the Colorado Supreme Court.[6]  Neither of the issues of Colorado state law were relevant to the district court's dismissal of the amended complaint. And certification of the two federal issues to the Colorado Supreme Court would have been improper.  *See Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (noting that certification is appropriate "where the legal question at issue is novel and the applicable state law is unsettled").

### H. Motion to certify on appeal

Ms. Bivings has also filed a motion asking this court to certify "constitutional questions to the Supreme Court of the United States" under 28 U.S.C. § 1254(2). *Bivings v. Paprzycki*, No. 25-1171 (10th Cir. May 2, 2025), ECF No. 8-1.  We deny that motion.  Section 1254(2) provides, in relevant part, that "[c]ases in the courts of appeals may be reviewed by the Supreme Court . . . [b]y certification at any time by a court of appeals of any question of law in any civil . . . case as to which instructions are desired . . . ."  28 U.S.C. § 1254(2).  No such question of law exists in this case. Consequently, we conclude that certification is inappropriate.  *See In re Hill*,

---

[6] Although the district court ruled on the motion to certify after Ms. Bivings filed her notice of appeal, we conclude the motion to certify was a collateral matter over which the district court retained jurisdiction.  *See Burke v. Utah Transit Auth. & Loc. 382*, 462 F.3d 1253, 1264 (10th Cir. 2006) (noting that the filing of a notice of appeal "immediately divest[s] the district court of jurisdiction, except over collateral maters"); *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007) (indicating that certification is a discretionary case-management device).

11

777 F.3d 1214, 1225 (11th Cir. 2015) (collecting cases and noting that certification to the Supreme Court is "discouraged" and appropriate only in "rare instances").

III

We affirm the district court's dismissal of Counts I and III of the amended complaint to the extent those counts sought damages against the defendants in their official capacities and to the extent those counts sought damages against the three defendant judges in their individual capacities. We reverse the district court's dismissal of Counts I and III to the extent those counts sought damages against defendant Sosebee in his individual capacity. We reverse the district court's dismissal of Counts I, III, and IV to the extent those counts sought forms of relief other than damages. We reverse the district court's dismissal of Count V. We affirm the district court's denial of Ms. Bivings' motion to certify questions to the Colorado Supreme Court. We affirm the district court's order denying Ms. Bivings' motion to certify questions to the Colorado Supreme Court, deny Ms. Bivings' motion to certify questions to the United States Supreme Court, and grant Ms. Bivings' motion to proceed in forma pauperis on appeal.

Entered for the Court

Gregory A. Phillips
Circuit Judge

12